WHITNEY *vs.* J. I. & J. R. JOHNSON.

The *municipal court* of *Brooklyn* has power to issue an *attachment* against the goods and chattels of a *debtor who is about to depart from the county,* or is concealed, &c.; but has no authority to issue such process against the goods and chattels of a debtor *about to remove his property* from the county with intent to defraud his creditors; or, in other words, have no jurisdiction to proceed by attachment under the act to abolish imprisonment, &c.

ERROR from the municipal court of Brooklyn. Jeromus I. Johnson, in behalf of himself and partner, J. R. Johnson, on the 4th February, 1833, made application to the *municipal court* of the village of Brooklyn, for an *attachment* against the goods and chattels of F. H. Whitney. He presented his *affidavit,* that Whitney was indebted to his firm in the sum of $52, over and above all discounts, for goods sold and deliver-

UTICA,
July 1834.

Whitney
v.
Johnson.

ed by his firm to Whitney; that he believed that Whitney
was about to remove his property from the county of Kings,
with intent to defraud his creditors, and that he had assigned
and disposed of his property, and was about to assign and dis-
pose of his property with a like intent, and then proceeded to
state the facts and circumstances upon which his belief was
founded.   He also presented a *bond*, executed by himself and
a surety, in the penal sum of $200, conditioned to pay to
Whitney all damages and costs he might sustain by reason
of the attachment to be issued, if no judgment should be re-
covered against him in the cause thus to be commenced ; and
if judgment should be recovered by the Johnsons against
Whitney, then to pay to Whitney all moneys which should be
received from any property levied upon by the attachment,
over and above the amount of the judgment, interest and costs ;
and the municipal court thereupon issued an attachment
against the goods and chattels of Whitney, directing the con-
stable to attach and keep the same, to satisfy such judgment
as might be rendered in favor of the plaintiffs, in a plea of
trespass on the case, to their damage of $52.   On the return
of the process, the parties appeared ; the plaintiffs declared in
assumpsit for goods sold and delivered, and the defendant
put in a plea in abatement, which was overruled by the
court.   The defendant objected to the legality of the proceed-
ings had against him, and withdrew ; after which the plaintiffs
proved their demand, and the court rendered judgment in
their favor for $52,18, besides costs.   The defendant sued out
a *certiorari*.

*C. T. Cromwell*, for plaintiff in error.

*W. Rockwell*, for  defendant in error.

*By the Court*, SAVAGE, Ch. J.   The question raised by the
record in this case is, whether the municipal court of the vil-
lage of Brooklyn have jurisdiction to proceed by attachment
under the statute of 1831, entitled " an act to abolish impris-
onment for debt and to punish fraudulent debtors."   Laws of
1831, page 404, § 34, 35.

The municipal court was created by the act of April 3d, 1827, entitled "an act to reduce the law incorporating the village of Brooklyn and the several acts amendatory thereof into one act, and to amend the same." By the 47th section, the justices of the said court "are invested with all and singular the powers of justices of the peace for the county of Kings." The law then in force, giving civil jurisdiction to justices of the peace, was the act of 1824, by which justices in every county in the state (except New-York) were authorized to issue attachments, upon proof being made according to that statute, that the person applying for the attachment had a demand not exceeding $50, due from the person against whom an attachment was requested, and that such person had departed, or was about to depart, from the county, or was concealed within the same, with intent to defraud his creditors, or to avoid being personally served with process ; and also, upon receiving such bond as is prescribed by that statute. This power was vested in the justices for the county of Kings, and became vested by the act of 1827 in the justices of the municipal court of Brooklyn ; and as by the last mentioned act the jurisdiction of the court was raised to $100, that court no doubt had power to issue attachments to any amount not exceeding that sum. The revised statutes introduced some further regulations as to the issuing of attachments, but did not authorize that process except in the cases already specified. Application was required to be made in writing, and accompanied by the affidavit of the creditor or his agent, and the affidavits of two disinterested witnesses ; and it was also required that the surety in the bond should be approved in writing by the justice.

The act of 1831 authorized the issuing of an attachment in a new case, to wit, where it shall satisfactorily appear to the justice that the defendant is about to *remove from the county any of his property* with intent to defraud his creditors, or has assigned, disposed of, secreted, or is about to assign, dispose of, or secrete any of his property with intent to defraud his creditors. The power to issue an attachment in such a case was not possessed by the justices of Kings county in 1827, and of course was not vested in the municipal court by the act

Vol. XII.                46

UTICA,
July, 1834.

Whitney
v.
Johnson.

creating that court.   The act of 1831 gives jurisdiction in such a case to justices of the peace alone, and not to any other court, and confines it to actions " for the recovery of any debt or damages arising upon any contract, express or implied, or upon any judgment for fifty dollars or less."  Here are two limitations to the power to issue attachments, where the debtor had fraudulently removed or disposed of his property, or is about to do so : *first,* to justices of the peace by name ; and *secondly,* to demands for $50 or less.  I know of no rule of construction which will authorize us to extend this power to the municipal court of Brooklyn, in any case ; much less to a case exceeding $50.

It will not do to say that this court shall have the power because it is conferred upon the justices of Kings county ; such powers as they had in 1827 were conferred, but not such as should be granted subsequently ; and as no such power has been expressly granted to the municipal court, we must hold that that court does not possess it in such a case.

Judgment reversed, with single costs.