NEW-YORK,<br>May, 1836.<br><br>Mitchell<br>v.<br>Halsey

Judgment affirmed.

---

## MITCHELL vs. HALSEY & others.

The trustees of Sag Harbor have authority to institute and conduct proceedings relative to *encroachments upon highways* within the bounds of the district of Sag Harbor, notwithstanding the *repealing clause* in the act of 1830, entitled an act for regulating highways and bridges in the counties of Suffolk, Queens and Kings.

*It seems*, that when upon the trustees of a local corporation are conferred by law the powers of certain officers, as defined by a *general act* of the legislature, and such general act is subsequently revised and re-enacted, though with alterations, repealing the former act, the powers of such trustees do not cease; on the contrary thereof, they possess all the powers conferred, and are subject to all the duties enjoined, by the revised act, upon the class of officers in reference to whose powers and duties their own were originally declared, as far forth as the same are applicable to the corporation they represent.

ENCROACHMENT on highways. Mitchell, conceiving himself aggrieved by the finding of a jury that he had *encroached upon a highway*, sued out two writs of *certiorari*, to remove the proceedings into this court; one directed to the *justice* who issued the process for the summoning of the jury, and the other to the *Trustees of the village of Sag Harbor*, at whose instance the jury had been summoned—to each of which writs, returns were made. The counsel for the party suing out the writ of *certiorari*, urged that the proceedings ought to be quashed on the following grounds: 1. That the trustees of the village of Sag Harbor were not authorized by law to institute or conduct the proceedings; 2. If they had authority, that the *order* to remove the encroachment complained of, did not correspond with the requirements of the act of the legislature under which the proceedings were had; 3. That the *notice* given to remove the building complained of as an encroachment, was defective and void; and, 4. That the *jurors*

NEW-YORK, who passed upon the case, were incompetent to try the mat-
May, 1836. ter in controversy, being inhabitants of the village. The case

Mitchell was submitted upon written arguments by
v.
Halsey.

*S. B. Strong,* for the plaintiff in error.

*S. S. Gardiner,* for the trustees.

*By the Court,* NELSON, J.   An act of the legislature was
passed in 1819, (session laws of 1819, p. 46,) vesting certain
powers in the freeholders and inhabitants of the " port of Sag
Harbor," describing it by metes and bounds.   They were
authorized to choose trustees, in whom certain powers were
vested ; and, among others, the powers of commissioners of
highways of the towns of *East and South Hampton,* within the
district created by the act.   By the 13th section, the territory
including the port was constituted a road district, to be ex-
empt from the control of the commissioners of highways of
the two towns ; and it was declared that the trustees should
have all the powers over the said road district and discharge
all the duties which by law are given to or enjoined upon the
said commissioners of highways, subject however to the like
restrictions and appeals.   The *highway act* in force at the
passage of this law, was the act of 1813, 2 *R. L.* 304, the
2d section of which empowered the commissioners upon view,
to remove any obstructions from roads, public lands and wa-
tering places.   The act of 1830, (session laws, p. 42,) revised
the act of 1813, and repealed it as follows, section 107 : " All
acts and parts of acts heretofore passed, and now in force in
relation to highways in the said counties, (certain counties on
Long Island,) or any or either of them, and acts amending
the same," &c. shall be repealed.   The trustees instituted
proceedings under the act of 1830, (which are different from
those of 1813,) to remove an obstruction in the highway, in
their capacity as commissioners of highways.   These pro-
ceedings are now brought up by certiorari for review, and
the important question in the case is, whether these officers
have a right to act in that character under and in pursuance

of the law of 1830 ; or, in other words, whether their powers in this respect ceased on the repeal of the act of 1813.

It is argued by the counsel for the party suing out the certiorari, that the words " all acts and *parts of acts* in the repealing clause of the act of 1830, in relation to highways in the counties of Suffolk," among others, necessarily include and abrogate the provision in the act of 1819, conferring the powers of commissioners upon the trustees of Sag Harbor. This might be so upon a very constrained and literal construction of that clause ; but, regarding the general design and scope of the provision, and giving to it a reasonable construction, I am of opinion such is not its effect. From an early period, there has been a distinct act establishing and regulating highways in Long Island. It was this general system that was revised in 1830 ; one that applied in common to the three counties. It is entitled " an act regulating highways and bridges in the counties of Suffolk, Queens and Kings." Now the repealing clause intended simply to abolish the old general system, of which the one about to become a law was a substitute. The words " parts of acts," were inserted, no doubt, from abundant caution, to reach amendments of the general act, that might possibly be found in statutes upon other subjects, and which " parts" affected the general system, wherever it was in force. Neither can the 13th section of the act of 1819, with much property, be said to be part of an act in relation to highways. It relates to the commissioners in the two towns, substituting the trustees in their place ; and as they are officers to whom the charge and superintendence of the highways is confided, it may be said in one sense to relate to them. The inference that the repealing clause refers to this section of the act of 1819, is a strained and forced inference. If the legislature had intended to abolish special local regulations, incidentally bearing upon public highways within a particular district, they should, and I think would, have been more explicit. It was an easy matter, and would have removed all doubt.

Assuming, then, that the 13th section is still in force, the principle of the case of the *Orleans Bank* v. *Bunnell & others*, 10 *Wend.* 186, applies, and the highway act in force at

NEW-YORK,
May, 1836.

the time the trustees were called upon to act, and the powers and duties of the commissioners of the two towns then belonging to them, must control. Indeed, according to the substance and meaning of that section, it simply made a new road district, taken from the two towns, and created new commissioners instead of leaving it under the superintendence of the commissioners of either town, as might have been done. The trustees stand in the place of the commissioners as to this district. If this had been the form given to the regulation, a doubt could not have been raised either as to the powers of the officers, or the applicability of the act of 1830. In the case of *Whitney* v. *Johnson,* 12 *Wend.* 359, which has been supposed to favor the views of the plaintiff in error, it is certain that if the general act, giving jurisdiction to justices of the peace in Kings county, had been abolished, and a new or revised system had been established in 1831, we should have applied it to the justices of Brooklyn under the act of 1827.

The judge then proceeded to examine the other objections raised, and disposed of all of them against the party suing out the writs of *certiorari,* but as they involve nothing of general interest, it is deemed unnecessary to state the views taken by him.

Proceedings confirmed.