By the Court,

Nelson, C. J.
These papers have been in my hands for j some time, on account of the difficulty in forming a satisfactory opinion' upon the question, whether the town of Southampton is liable for damages i and expenses of laying out a road in the corporation of Sagg-Harbor, upon , a fair construction of the thirteenth section of the charter of the corporation, *527 In connection with the general road act of Long-Island ? After the best consideration I have been able to give the subject, I am inclined to the conclusion that tho town of South-Hampton is not liable; and that no provision having been made by the legislature for the payment of the damages in question, it is a casus omissus in the *statute, [ *691 ] and requires legislative provision, before relief can be granted.
The territory embraced to the port, or village of Sagg-Harbor was taken from the towns of East and Southampton, Statutes of 1819, p. 46 ; the 18th section erected it into a road district, exempt from the control of the commissioners of highways of those towns, placed it under the trustees of the village, and declared that they should possess all the powers over it, and discharge all the duties, which, by law, are given, or enjoined, upon the commissioners of highways of the two towns. See 15 Wendell, 241. It seems to me that it was not the intention of the act to make these trustees commissioners of highways of either of these towns, in respect to this territory, nor should they be so regarded ; but to make them commissioners of highways of the port or village, thus constituted a road district. The reference to the town commissioners was for the purpose of defining and regulating their powers and duties over the district in their capacity and character of commissioners of highways. They hold the same relation, in this respect, to the corporate territory within the limits of the port, that the town commissioners do to the towns, and possess the like powers. There is great difficulty in saying that the trustees should be regarded as commissioners of highways of each of these towns, in respect to that part of the territory included within the limits of the port. This view of their powers is liable to great abuse and iujus.ice, and would lead to absurdities, and such a departure from all sound legislation, as should induce us to repudiate it, unless necessarily required by the terms of the statute.
These officers are not responsible to the towns for the discharge of their duties, as the inhabitants have no voice in their selection : they are not even necessarily residents of that part of the territory of the port, taken from the town sought to be assessed for the improvement. For instance, the trustees who have laid out the road in question, may have been elected from the part taken from Easthampton; at least, there is nothing in the act to prevent such a result. Upon this construction the improvements of roads and streets in *the village may be carried on, so [ *692 ] far as the commissioners are concerned, by persons irresponsible to the electors of the towns to be charged with the expense, and without their own property being liable to contribute for any portion of the same.
The soundest view, therefore, of the act, I think, is to regard them as commissioners of highways of the village, not of the towns—construing the reference to these officers of the latter as made only for the purpose of *528 defining and regulating their powers and duties. If this conclusion be correct, it follows that the towns are not liable for the damages and expenses of the road, and of course the supervisors were right in refusing to audit and allow the same for the purpose of assessment upon the inhabitants of Southampton. i
I admit there is a good deal of doubt and difficulty in the case, but after the best considerations, I think the motion should be denied.
Motion denied, and without costs. -