Church, Ch. J.
 

 This is an appeal from an order requiring the purchaser of the real estate of the corporation known as the Evergreens, a rural cemetery, to complete his purchase. By the act of April 20, 1866, the Supreme Court were authorized, upon the petition of the receiver of the corporation of the Evergreens, who had previously been appointed to determine the amount of claims of the creditors of the corporation and the priority thereof, and to provide for the liquidation of the same by a sale of the property of the cor
 
 *219
 
 poration in the manner prescribed by the act. In pursuance of this act, the referee was appointed to ascertain and report upon the claims; and on the coming in of this report on the 15th of June, 1868, an order was made confirming the same, in which the amount and priority of the several claims were adjudged, and directing a sale of the property and the application of the proceeds; which order was affirmed on appeal to the General Term. On the 23d of April, 1870, an act was passed amending the act of 1866 as to the manner and terms of sale; and on the 1st of March, 1871, the General Term modified its order to conform to the provision of the amendatory act, and the referee thereupon advertised the property of the corporation for sale under the provision of the judgment and of the act referred to. On the 12th of April, 1871, and before the sale, the Legislature passed a general act to„ authorize the sale of unoccupied lands of burial grounds and rural cemetery associations, by which the Supreme Court was authorized, upon the application of the trustees of any such association, to make an order for the sale of any real estate belonging to such association, and direct the application of the moneys arising therefrom to such use as the trustees, with the approbation of the court, conceived to be most for the interest of the association. The second section of the act reads as follows: “Ho real estate of.any rural cemetery or rural cemetery association shall be sold otherwise than in pursuance of the act or acts under which such cemetery or association was incorporated, nor for any other than cemetery purposes except £ provided by section one of this act; and all acts and parts of acts inconsistent with the provisions of this act are hereby repealed.” The referee, notwithstanding this act, proceeded to sell the premises at public auction, and they were bid off by Sylvester M. Beard, who refused to complete the sale, upon the ground, that the effect of the act of 1871 was to prohibit the sale and repeal the acts of 1866 and 1870, authorizing the sale, and that therefore the referee could not convey to him a good title to the premises. This objection of the purchaser is not tenable.
 
 *220
 
 After the legislature had passed two acts for the specific dis position of the property of this corporation, and the distribution of the proceeds thereof among its creditors, and elaborate proceedings had been instituted and prosecuted to judgment for that purpose, an intention to repeal such acts and abrogate the proceedings founded' thereon will not be adopted by implication, nor from general or equivocal words. The general rules for the interpretation of statutes, that the real intention will prevail over the literal sense of the terms, that the context, the occasion, and the objects of the law are to be considered, that a statute will not be held repealed by implication if a reasonable construction will enable it to stand consistently with the alleged repealing statute, that laws will not be given a retroactive effect unless required by express language, and not then to destroy vested rights, and finally, that the intention is to be presumed in accordance with reason and good discretion. (1 Kent’s Com., 510; 15 Wend., 241; 7 J. R., 477.) The act of 1871 is general, and conferred upon the Supreme Court authority over the property of cemetery associations similar to that possessed over the property of religious corporations. It was not intended to provide for enforcing the claims of creditors merely, or for a distribution of its property among them. The acts of 1866 and 1870, were passed for the specific purpose of distributing the property of this association, then in the hands of a receiver, among its creditors. The act of 1871, does not, in terms, cover such a case, and the sale of real estate authorized by it, includes, if it does not relate exclusively, to a sale for other than cemetery purposes, and casés where the property is held by trustees. It is presumed that if the legislature intended to repeal the acts passed in relation to this association, they would have said so in express terms. The prohibition in section 2 applies to the sales authorized by that act, and does not necessarily include the sale of the property of this association specifically authorized by the previous acts. Although the sale had not taken place, it had been ordered by a competent court, and advertised by the referee, and the con
 
 *221
 
 struction claimed would be retroactive in its effect upon all those proceedings. As there is no necessary inconsistency between these several acts, they should all be permitted to stand and have their full effect according to well established principles. The provisions of the acts of 1866 and 1870, appear to be eminently just and beneficent, first, in providing for the payment of honest debts, and second, in perpetuating the use of the property for the purpose of a burial ground, and to hold that the act of 1871 operated to abrogate these acts, and all proceedings under them would require the imputation of an unnatural, if not an unworthy intent on the part of the legislature. USTo such intent can be legally imputed. Besides, it may well be doubted whether the liens of the creditors had not become so fixed and vested by the judgment of the court, that it was incompetent for the legislature to interfere with them (1 Hill, 324; 7 J. R., 477); but it is unnecessary to determine this question. The order appealed from must be affirmed with costs.
 

 All concur. Order affirmed.