By the Court.—Sedgwick, Ch. J.
This action was begun after the Code of Civil Procedure had taken effect. The appellant relies upon a section of the Revised Statutes, as containing a rule of limitation which should be applied to the action. Section 9, article 1, title 3, chapter 8, part 3 of the Revised Statutes (2 Edm. 497), is in these words: “The time which shall have elapsed between the death of any person and the granting of letters testamentary on his estate, not exceeding six months, and the period of six months after the granting of such letters, shall not be deemed any part of the time limited by the law for the commencement of actions by executors.” If the position is right, then the exception taken below should be sustained.
If, however, section 402 of the Code of Civil Procedure is the only rule to be applied the exception is to be overruled. Section 402, Code of Civil Procedure, is : “ If a person entitled to maintain an action, dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced by his representative, after the expiration of that time and within one year after his death.”
The general intent of the Code of Civil Procedure on the subject of continuing the former statutes of limitation is contained in section 414 of that Code. By subdivision 2 of that section, it is enacted, that the provisions of the Code shall not apply to a cause of action which accrued before July 1, 1848, and that the statutes then in force govern with respect to such a cause of action; subdivision 3 enacts, that such provisions do not apply to a case not included in subdivision 2, in which a person having a cause of action when the Code takes effect, commences the action before the expiration of two years after that Code takes effect, and that in such case, the provisions of law applicable thereto immediately before the act takes effect, continue to *337 be so applicable notwithstanding the repeal thereof. Neither of these subdivisions countenances the plaintiff in resorting to the Revised Statutes in order to maintain the action.
The first part of section 414 of the Code explicitly declares that the provisions of this chapter apply to, and constitute the only rules of limitation applicable to civil actions, except “ in the following cases : 1. A case where a different limitation is specially prescribed by law,” etc. The subdivisions 2 and 3 have been stated. Subdivision 4 and last is, a “ case where the time to commence an action hás expired,” when this act takes effect. The appellant must, therefore, find in the first subdivision, the right to bring the action under the limitation of the Revised Statutes.
The subdivision 1 referred to, is the substitute or representative of a part of section 74 of the Code of Procedure, which is as follows: " Civil actions can only be commenced within the periods prescribed in this title, after the cause of action shall have accrued, except where, in special cases, a different limitation is prescribed by statute,” etc.
Why the words were changed so that the word “specially” was attached to “prescribed by law,” instead of the word “special” being attached to cases, would probably have to be answered by a guess. It is clear that the general purpose in both Codes was to embody the principle of an already existing rule of law, that a general statute, made with reference to general conditions, does not repeal a former statute, made with reference to the particular characteristics of a particular case, although the classification of the general statute might include the particular case, as a matter of general description (The Evergreens, 47 N. Y. 216; Exp. Comm. of Central Park, 50 Id. 493 ; Gloversville v. Howell Canal, 70 Id. 287; 7 Hun, 345; Exp. Delaware & Hudson Canal Co., 69 N. Y. 209).
*338 It is to be observed that the prescriptions of all statutes are so limited to the cases that the statutes describe, that to call them special prescriptions would indicate nothing, unless it should be ascertained in what sense the cases were special. In the statute under view, it will, no doubt, be granted that the case or the prescription is to be found as special in a relative sense, that is, special as to the Code. If the Code has made a provision in reference to any case referred to in the Revised Statutes, the case in the Revised Statutes is not a special case.
It is to be further observed that whether or not a case is within subdivision 1, is not determined by the fact alone that another statute attaches to a case described by it a different limitation from that attached to the same case by the Code of Civil Procedure. If this were not so, the result would be that the Code would be construed to mean that when, in a particular case, the Code had made a certain limitation, and the Revised Statutes, in respect of the identical case, had made a different limitation, the Code should not apply. Therefore, in examining whether the Revised Statutes govern in this action, the case it provides for must be ascertained without considering, as a part of the elements of the case, the time of limitation specified. In the Revised Statutes, the case and the limitations are as follows. In general an action of this kind was to be brought within six years, by the party injured. If the party died, the time which should elapse between the death and the granting of letters testamentary, etc., not to exceed six months, and thé period of six months thereafter, was not to be computed as a part of the time limited bylaw for the commencement of actions by executors (§ 9, art. 1, tit. 3, chap. 8, pt. 3, R. S. 2 Edmonds, 467). There was also in the Revised Statutes (§ 24, ch. 4, pt. 3, R. S.) a provision like that of section 406, Code Civil Procedure, that if a person en *339 titled to maintain an action dies before the expiration of the time limited for its commencement, the cause of action surviving, an action may be commenced by his representative, after the expiration of that time and within one year after his death.
Leaving aside such of these provisions as describe limitation of time, the case provided for is simply the case of an executor or administrator having a cause of action formerly belonging to the deceased, the cause of action surviving.
It has been argued that section 402, Code Civil Procedure, describes one class of cases and actions, and sections 9 of the Revised Statutes, as last referred to, describes another class ; that the former refers to the rights of action which would expire within one year after the testator’s death, and section 9 to all cases where causes of action had survived, whether or not the period of limitation would expire within one year from the death. But such a classification is reached by making it with reference to the time of limitations described in the two statutes, and the consequences. We have considered, however, that in ascertaining the character of the cases, within the intent of the Code of Civil Procedure, we must first eliminate the time of limitation. The time during which a cause of action or a case has existed is no part of and is extrinsic to the cause of action or the case.
Section 402, Code Civil Procedure, examined in the same way, discloses that the class of cases for which it prescribes a limitation is the same as that described in the provisions of the Revised Statutes, that have been referred to ; that is, of a cause of action formerly belonging to a deceased person in the possession of his representative.
I have, therefore, come to the conclusion that the section of the Revised Statutes on which the appellant relies, does not present, within subdivision 1 of section *340 414, Code Civil Procedure, a case where a different limitation is specially prescribed by law ; but that it presents the same case that section 402 of the Code presents, and therefore, that the latter contains the only rule of limitation applicable to this action.,
This line of argument has been used to avoid the special consideration of those decisions that were made in respect of certain provisions in the Code of Procedure that related to the limitations of actions. Those provisions were in many respects like such as exist in this action, but there were vital differences in other respects. Let it be assumed that the same reasoning was to be applied under the Code of Procedure, to actions by executors as to actions against executors. The test of the continued existence of the provisions of the Revised Statutes on this subject after the Code of Procedure was passed, was whether the former was consistent with the latter. If they were consistent, they were a part of the Code. In passing it may be said that the discussions in the opinions imply that these provisions of the Revised Statutes refer to the same cases that section 102 of the Code of Procedure refers to. The question, under the present Code, as we said, is, do these provisions of the Revised Statutes make a case where a different limitation is specially prescribed ? It has been here held that the Revised Statutes refer to the same case as is referred to by section 402 of the present Code, and therefore, that the former does not specially prescribe a different limitation. And the result is that, though the provisions of the'Revised Statutes are consistent with the Code of Civil Procedure, yet the latter contains the only rules to be applied.
It has been argued that because the case of a cause of action surviving a person provided for in the Revised Statutes under chapters, part 3, was entitled of “proceedings in special cases,” it continued tobe a special case, under subdivision 1 of section 414 of the *341 present Code. I think that this does not give due effect to a suggestion that has been made, which was that in statutes like these the word “special” has a relative meaning and is to be taken as special in the aspect of the provisions of the act in which it is used. Under the Revised Statutes the case of the time within which actions might be brought by executors and the other provisions that accompanied it, were in fact special as to the more general provisions that had been made as to causes of actions, although such general provisions had intermixed with them special provisions which apply to executors. But under the present Code, the provisions as to causes of action generally, and then as to actions upon them by executors particularly, precede, and afterwards subdivision 1 of section 414 refers to a case that should be special as to such general and special provisions.
Again, it does not seem that the course of decisions under the Code of Procedure that the position of the Revised Statutes under consideration was not repealed, taken together with section 74 of that Code, which enacted that “when in special cases a different limitation is prescribed by statute,” it should be applied, would justify a conclusion that the portion of the Revised Statutes referred to included a special case, within the meaning of the present Code. If th.e course of decisions was as it is claimed, the Revised Statutes were not continued in force, because they related to a special case, but because they were not repealed by implication, and were therefore specifically kept alive by that Code. And the special case referred to by section 74 would mean some other case than that provided for by the unrepealed part of the Revised Statutes on the subject.
The method in which section 403 of the Code of Civil Procedure was made up, suggests that there -was a specific intent not to leave in existence section 9 *342 of the Revised Statutes in question. Section 402, Code Civil Procedure, embodies the substance of section 8 of the Revised Statutes that referred to actions against executors. If it were meant to continue the substance of section 9 Revised Statutes in section 402 of the Code of Civil Procedure, section 403 would indicate that the subject was present and the omission was intentional.
After the best consideration, I can give to the matter, I am of opinion that the exceptions should be overruled and judgment ordered for defendant, with costs.
Freedman, J., concurred.