THE HARLEM BRIDGE, MORRISANIA AND FORDHAM RAILROAD COMPANY, PLAINTIFF, *v.* THE SOUTHERN BOULEVARD RAILROAD COMPANY, DEFENDANT.

*Repeal by implication — when a local act is not repealed by a general one — 1867, chapter 290, section 24, not repealed by chapter 252 of 1884.*

Section 24 of chapter 290 of 1867, entitled "An act to authorize the towns of Morrisania and West Farms to widen, make, extend and improve a highway in said towns called the Southern Boulevard," which declared that such highway should be kept and maintained for public use-as an avenue and boulevard, and, except for the. purpose of crossing the same, no railway or tramway shall be laid

---

\* See 1 R. S., 728, § 65 — [REP.

or constructed thereon, or on any part thereof, by any person or corporation whatever without a special act of the legislature, was not repealed by the passage of chapter 252 of 1884, entitled "An act to provide for the construction, extension, maintenance and operation of street surface railroads and branches thereof in cities, towns and villages."

This provision of the act of 1867 is not "inconsistent" with the act of 1884, within the meaning of that expression as used in the eighteenth section of the latter act, which provides that "all acts and parts of acts, whether general or special, inconsistent with this act, are hereby repealed."

SUBMISSION of a controversy upon an agreed statement of facts under section 1279 of the Code of Civil Procedure.

*Augustus S. Hutchins* and *Waldo Hutchins,* for the plaintiff.

*Frederick R. Coudert,* for the defendant.

MACOMBER, J.:

This case comes up upon an agreed state of facts and is submitted under the provision of the Code of Civil Procedure. The plaintiff seeks to restrain the defendant from laying or constructing its railway tracks on the surface of the southern boulevard between North Third avenue and Boston avenue. The southern boulevard is a public highway, constructed in pursuance of the provisions of chapter 290 of the Laws of 1867, in the twenty-fourth section of which act it is declared that said road, when constructed, should be kept and maintained for public use as an avenue and boulevard, and, except for the purpose of crossing the same, no railway or tramway shall be laid or constructed thereon, or any part thereof, by any person or corporation whatsoever, without a special act of the legislature of this State for that purpose first had and obtained. No special act of the legislature has been passed authorizing the construction by the defendant of the railway therein or on any part of it. The plaintiff, which is a domestic corporation, organized in pursuance of section 7 of chapter 361 of the Laws of 1863, was, by that act, authorized to lay railway tracks and operate the same upon the Boston Post road, now North Third avenue, from Harlem Bridge to Fordam, and through various streets and avenues in that part of the city of New York which was formerly the town of Morrisania, and now operates the same. The defendant is a corporation organized under the provisions of chapter 252 of the Laws of 1884, for

the purpose of constructing, maintaining and operating a street surface railway upon what is known as the southern boulevard in the city of New York, within limits particularly stated, and has, for that purpose, acquired the consent of a majority in value of the owners of land along its route and has also acquired the right from the municipal authorities of the city of New York so to construct its tramway. The plaintiff, being the owner and in possession of lands on said boulevard, would be injured by the threatened action of the defendant.

The general question is whether or not the act of 1884, chapter 252, did, by the eighteenth section thereof, repeal the twenty-fourth section of the act of 1867. The act of 1884 is general in its provisions and was passed for the purpose of permitting corporations to be formed for the conveyance of passengers and freight on the surface of the streets in the various cities, towns and villages of the State, and declares (sec. 18) that " all acts and parts of acts, whether general or special, inconsistent with this act are hereby repealed." It is plain that if the act of 1884 is inconsistent with the act of 1867 in any of its provisions, the latter is by so much necessarily repealed by the subsequent legislation. The act of 1884 is not only general but is merely a permissive act. Any person, by conforming to its provisions, may build railroads in the various cities, towns and villages of the State. It did not, in terms, seek to deprive persons of any rights which they had already acquired, by special legislation, in and along any of the streets of such cities, villages or towns. I do not find, in the act of 1884, anything inconsistent with the maintenance and preservation of any exemption which had theretofore existed in particular localities, made by the legislature. As it was competent for the legislature, in the absence of previous legislation exempting this boulevard, to have exempted it by some suitable expression in the act of 1884, so I cannot see why it should not be deemed capable of standing together with the subsequent legislation, in the absence of a direct and positive repeal thereof.

It is true that subsequent to the act of 1867 the people of the State prohibited, by their Constitution, any special legislation concerning local affairs, and the act of 1884 was passed in pursuance of the later provision of the Constitution in that respect and was necessarily of general application throughout the State; but it by

no means follows that it was not competent for the legislature, either in the act of 1884 or by an independent act, to repeal section 24 of the act of 1867, otherwise the act of 1867 would be unrepealable and not a proper subject of future consideration by the legislature, and it is to that extent that the defendant's counsel seeks to push the case. But it is idle to deny the power of the legislature to repeal the act of 1867, though that act itself declared it could be only repealed by a special act passed for that purpose alone, and such special legislation is now prohibited. One legislature has not the power to bind a subsequent legislature by any provision which would prohibit a new inquiry by the legislature into the subject-matter and new legislation thereon. Hence it is that the sole question is not what the legislature could have done, but what it has done by the act of 1884, and it is to that consideration alone that the facts in this case seriously call our attention. Moreover, the subject-matter of the statutes is not so nearly alike or germain as to warrant any inference of any intention on the part of the legislature to repeal the former, in the absence of clear and apparent inconsistencies between them and in the absence of positive words of repeal, of which there is no evidence in this case.

The title of a former act is, "An act to authorize the towns of Morrisania and West Farms to widen, make, extend and improve a highway in said towns called the Southern Boulevard." It was an important and elaborate act to enable the people of these towns, voluntarily and in a manner to suit themselves substantially, to substitute a very commodious roadway for other roads, to be called a boulevard, and in consideration of its so being done and thrown open to the public use, and for this consideration, doubtless, the clause was inserted prohibiting any street railway from laying its tracks thereon except to cross it. To some extent, therefore, it seems to have been a delegation to the inhabitants of these towns to make and maintain, through private enterprise largely, a boulevard or spacious avenue having special attractions which had been obtained only through considerable expenditure of money voluntarily undertaken by their citizens. Why, therefore, should this act be held to be repealed by another act which confessedly does not refer to this highway in terms and which is of general application only, not for the construction of boulevards or avenues, but

"An act to provide for the construction, extension, maintenance and operation of street surface railroads and branches thereof in cities, towns and villages?" There is not that unity of purpose in the two acts which would naturally be sought for where it was attempted to establish a repeal of the former by the latter, by reason of the inconsistencies of the latter act with the provisions of the former. The word "boulevard" is not wholly without significance in this connection, although, of course, I do not rest my judgment entirely upon that or to any considerable extent upon it. It is noticeable that it is descriptive of a highway as being something unusual and special and which has been attained by some extraordinary means, and for the maintenance of which there seems to be peculiarly persuasive considerations, though by giving it the name of boulevard it is not taken out of the category of "streets, roads and avenues" mentioned in the act of 1884; and yet it has some little bearing upon the question under consideration, as it serves to emphasize the purpose of the persons at whose request, doubtless, the legislation was originally had.

Perhaps as clear a statement of the rule of construction as the books contain was made by Judge NELSON in the case of *Mitchell* v. *Halsey* (15 Wend., 243), where he says : "The inference that the repealing clause refers to this section of the act of 1819 is a strained and forced inference. If the legislature had intended to abolish special local regulations, incidentally bearing upon public highways within a particular district, they should, and I think would, have been more explicit. It was an easy matter and would have removed all doubt."

Mr. Justice WILLES says, also, in *Thorpe* v. *Adams* (L. R., 6 C. P., 125, on p. 138) : "The good sense of the law, as laid down by my lord (referring to BOVILL, C. J.), is quite obvious, because, if a bill had been brought into parliament to repeal the local Act, it never would have been allowed to pass into a law without notice to the parties whose interests were to be affected by it, and opportunity being given to them to be heard in opposition to it, if necessary; whereas a general provision in a public Act is discussed with reference to general policy and without any reference to private rights, with which there is no intention on the part of the legislature to interfere."

See, also, *In the Matter of the Evergreens* (47 N. Y., 220), where it is held that both acts should be permitted to stand and have full effect unless there was a necessary inconsistency between them. And *McKenna* v. *Edmundstone* (91 N. Y., 231) and other cases which have been referred to, such as *Harrington* v. *Trustees of Rochester* (10 Wend., 541), *People ex rel. Lawrence* v. *Supervisors of Westchester* (73 N. Y., 173), which were cases where the subject-matter legislated upon in the acts claimed to be conflicting was germain, and where the provisions of the latter act necessarily repealed the former statute because of actual inconsistencies in the general subject-matter covered by the respective acts.

It follows, therefore, that there is no conflict between the provisions of section 24, chapter 290 of the Laws of 1867 and any provision of chapter 252 of the Laws of 1884, and that the said section 24 of the Laws of 1867 was not repealed by the latter act, and that the southern boulevard is still exempt from having laid upon it, except to cross it, the tracks or tramways of any surface railroad company, and that, consequently, the defendant has not the right to carry into effect its purpose and should be restrained from so doing.

Judgment should be entered accordingly.

Brady, P. J., and Daniels, J., concurred.

Judgment ordered for plaintiff, as directed in opinion.