O’Gorman, J.
The plaintiff, on filing her note of issue, in compliance with section 977 of the Code of Civil Procedure, paid to the clerk of this court three dollars, on his demand, and as a condition precedent to the filing.
Before the case could have been tried, it was compromised and settled by the parties and discontinued without costs.
The plaintiff now demands that the clerk return to her this money so paid, and asks this court to make an order that such repayment be made.
It appears that the clerk has paid the money over to the comptroller of the city of New York, according to what he believed to be his duty, and the correct practice in the first judicial district.
The learned counsel to the corporation not taking any exception to the form of the motion, appeared in opposition and contends that the plaintiff’s demand should not be sustained.
This claim was raised in 1879, and discussed on motion before the general term of the marine court. The following opinion was delivered:
“ Decision in reference to returning fees paid on filing notes of issue in cases discontinued before trial.
“McGivern v. Lummis.
“Per Ctjrtam—Fees paid upon filing notes of issue are, ns soon as they reach the hands of the clerk, in the constructive possession of the city of New York, and it is made the sworn duty of the clerk to pay them, with other lawful fees collected, by virtue of his office, into the city treasuary. The statute requiring the payment of these fees in advance contains no authority for their return in case of the discontinuance of the action before actual trial.
*332 “The present ex parte application wasmade to the special term judge, and was by him referred to the general term, to the end that some uniform rule of practice in respect to such motions be declared for the future guidance of the clerk and the bar It is sufficient fqr to us say that we find no warrant in law for such application, and therefore declare the above rule. Motion denied.” Daily Register, December 24, 1879.
I see no reason to doubt the correctness of that opinion.
The contention of the plaintiff now seems to be:
First. That no legal authority now exists for the collection by the clerk of this fee on filing note, of issue, the provisions of law by which it was, at one time sustained, having been repealed.
Second. That even if legal authority for demand of this fee still existed, the money paid should be refunded, in case the action was not brought to trial by reason of discontinuance by consent.
As to the second proposition, I can find no lawful authority for the refunding of this fee, when paid over to the comptroller in compliance with law, and this court has no power to order it to be refunded.
As to the first proposition, the question deserves consideration, whether the provision of law authorizing the demand of such fee, has not been repealed.
The claim of authority for imposition of this fee rests on section 256 of the Code of Procedure of 1848 (chapter 379, Laws of 1848), as amended by section 9, chapter 431, Laws of 1876; going to constitute the Code of Civil Procedure now in force.
This section of the old Code of Procedure reads as follows:
“And in every action of either of the said courts (of the first judicial district) * * * the party who shall first file a note of issue shall, as a condition precedent to such filing, pay to the clerk of the court the- sum of three dollars, and the amount so received shall be accounted for under oath, and paid over monthly by the clerk to the comptroller, to be used as a fund for the payment of the salaries of the stenographers.”
Unless that section be repealed by the general repeal contained in section 4, chapter 417, Laws of 1877, the former provision for payment of the fee is still in force.
The effect of the latter section is to repeal certain of the provisions of the old Code of Procedure then in force; excepting, however, those provisions in said section 256 which were not inconsistent with or superseded by the act, chapter 448 of the Laws of 1876.
I do not see that there is any necessary inconsistency be *333 tween the provision authorizing the collection of this fee and the provisions of the last named chapter and section of the Laws of 1876, or that the former provision was superseded by the latter. There is no necessary repugnancy between them. Repeals by implication are not favored (People v. Palmer, 52 N. Y., 83, 88); and special and local laws are not repealed by general legislation, except on the clearest manifestation of the legislative intent. Re Evergreens, 47 N. Y., 216, 220; Re Central Park, 50 id., 493, 497; People v. Quigg, 59 id., 83, 88; McKenna v. Edmundstone, 91 id., 231, 233.
The plaintiff’s motion must be denied, but, as its purpose appears to be a commendable desire to ascertain the proper practice under the law as to payment of the fee in question, it is denied without costs.