Bradley, J.
The defendant, as keeper of the Erie county penitentiary, received, during a specified period, $5,546.05 from prisoners committed to that institution by virtue of executions • issued on judgments for fines imposed and entered against them, within the city of Buffalo, by justices of the police of that city, on the failure of the prisoners to pay the judgments. The defendant retains that money in his possession. Whether or not it is the duty of the defendant to pay that money to the treasurer of the city of Buffalo is the question to be determined. By the charter of the city it is provided that:
“All fines and penalties imposed by any or either of said justices, collected by them or the keeper of the Erie county penitentiary or otherwise, shall be paid out every week by the person receiving the same, to the treasurer of the city of Buffalo, and be by the said treasurer credited to the police fund of said city for the use and benefit thereof.” Laws 1891, chap. 104, § 385.
The duty of the defendant to pay the money to the treasurer of the plaintiff would not be questioned, if it were not for a later > statute, which provides that:
“Bach county officer who shall receive, or is authorized by law to receive, any money on account of fines or penalties or other matter in which his county, or any town or city therein, shall have an interest, shall annually make a written report to the board of supervisors of his county, verified to be true, bearing date the first day of November, stating the time when, and the name of every person from whom, such money has been received. * * * Such report shall be filed with the clerk of the board, on or before the fifth day of November; and no officer shall be entitled to. receive payment for his services, unless he shall file with the supervisors, or other officers performing their duties, his affidavit that he has made such report, and paid over all moneys which he is required to pay over,- within ninety days after receiving any such money, such officers shall pay the same without any deduction to the treasurer of the county, * * * but nothing herein shall be construed to apply to moneys received by any town or city officer in his official capacity, as such, specially appropriated for any town or city purpose.” Laws 1892, chap. 686, section 233.
Also:
“The district attorney shall sue for and recover, in behalf of *119 and in the name of his county the money received by any officer for or on account of his county, or any town or city therein, and not paid to the county treasurer as herein required. All moneys belonging to any town or city in such county, which shall be received by the county treasurer, shall be distributed to the several towns or cities entitled to the same by resolution of the board of supervisors which shall be entered in the minutes of its proceedings.” Id. §234. _
_ The keeper of the Erie county penitentiary is a county officer, and if the provisions of the last mentioned act are applicable to him, in respect to the fund in question, his duty is to pay it to the treasurer of that county. This cannot be so, unless those provisions of the charter before mentioned, so far as relates to the manner of receiving the money, were rendered inoperative by force of those of the later act. It is the well-settled and prevailing rule applicable to the construction and effect of statutes, in their relation to each other, that repeal by implication is not favored, and that the provisions of a local or special act will not be deemed repealed by a later general enactment, unless it is manifest that such is the legislative intent, although the provisions of the latter are in terms sufficiently comprehensive to embrace the subject of the special or local one, and, in its absence, would do so. In re Evergreen, 47 N. Y. 216 ; In re Commissioners of Central Park, 50 id. 493 ; People v. Quigg, 59 id. 83 ; Whipple v. Christian, 80 id. 523 ; Buffalo Cemetery Ass'n v. City of Buffalo, 118 id. 62 ; 27 St. Rep. 749. The act of 1892 is known as the “County Law.” It was intended as a codification of the laws on the subject to which it relates, and thus to embrace the entire statutory system, governmental and otherwise, of the counties of the state, other than the -county of New York, in a single chapter. And by its provisions in question the purpose evidently was to render the action of this class of officers of the several counties subject to the supervision of the board of supervisors, so far as relates to moneys which should come into their hands, whatever should be the ultimate disposition of the funds. By their terms, those provisions appear to be no less applicable to Erie county than to other parts of the state. There is therefore an apparent repugnancy. The plaintiff’s charter provides that such money, so received by the keeper of Erie county penitentiary, shall be paid by him to the city treasurer weekly, while the later general act provides that he shall pay such moneys to the county treasurer. There is. nothing in the act of 1892, other than in its general scope and purpose, bearing upon the question whether it has superseded the provisions in question of the city charter. But, to effect the repeal by implication of provisions of a statute by those of a subsequent one, it is sufficient that they are necessarily repugnant. This does not follow merely because they cover the same subject, and in the absence of either, the other would be operative upon it. The repugnancy which has the effect to retire provisions of the former statute is dependent upon the intent of the later one, as manifested, in its purpose. In determining the question of the comprehensive effect intended by the act of 1892, the fact that it was designed as *120 a code of statutory law relating to the counties of the state is entitled to some consideration. In Harrington v. Trustees, 10 Wend. 547, the question was whether the Revised Statutes, upon the subject of excise, operated to repeal a provision upon the- same subject in the prior act, incorporating the city of Rochester. The court, by Mr. Chief Justice Savage, there said, “The repugnancy is apparent, and the consequence of that repugnancy is palpable”; that the Revised Statutes “are a new code of laws, and were intended by the legislature to supersede existing laws which were repugnant to them.” And it was held that such was the effect of the provisions there in question. In People v. Board of Supervisors of Westchester Co., 73 N. Y. 173, it was held that a genéral act limiting the compensation to which the county treasurers should be entitled on account of moneys derived from state taxes operated to repeal local acts upon the subject, because it was intended to be-applicable to the entire state, and it was there said:
“It is a rule that, where there are no words of explicit repeal in • a later act, it does not repeal by implication a former act, unless, the later enactment is so repugnant to the former as that they both cannot exist together. This rule applies in an especial manner where the former enactment is local and the later one is general. Yet if it is plain that the legislature meant to make a new and exclusive rule for the whole state, and for all cases, the local act must yield to the later general act.”
This proposition, in substance and effect, has the sanction of repeated judicial authority. People v. Angle, 109 N. Y. 564, 575; 16 St. Rep. 647; Anderson v. Anderson, 112 N. Y. 104; 20 St. Rep. 344; In re Washington St. A. & P. R. Co., 115 N. Y. 442 ; 26 St. Rep. 504 ; In re New York Institution for Instruction of the Deaf and Dumb, 121 N. Y. 234; 30 St. Rep. 921; Cromwell v. Mac Lean, 123 N. Y. 474, 485 ; 34 St. Rep. 85. The act of 1892 was designed as a consolidation and revision of all the statute law relating to the entire state, except the county of New York, and to provide a system comprehensive and complete in relation to all the counties embraced within its provisions. And, in respect to the subject-matter in question, those and the provisions in question of the charter of the city of Buffalo cannot stand together. While those of the later act do not affect any substantial right of the city in respect to the money in question, it does provide a different method of transmission of it from the county officer to the city treasury. It may possibly be attended with more delay than formerly, and the change of method may be unimpoi’tant in its reason and purpose. But the view here taken is that the county of Erie is not excepted from the operation of the later statute, in any respect, and that such provision of the city charter is superseded by it. The defendant is therefore entitled to judgment, with costs.
Dwight, P. J., and Lewis, J., concur.