(54 Misc. Rep. 13)

### In re BUSINESS MEN'S ASS'N OF CITY OF NEWBURGH.

(Supreme Court, Special Term, Orange County. April 13, 1907.)

1. STATUTES—REPEAL OF SPECIAL BY GENERAL STATUTE.

When by a reasonable and fair construction two enactments can be made to work together, and each can be made to accomplish a different and independent result, a special or local statute will not be affected by a subsequent general law relating to the same subject.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Statutes, §§ 235–237.]

2. HIGHWAYS—STATUTES—REPEAL—CONSTRUCTION.

Laws 1898, p. 218, c. 115, providing for the improvement of public highways, provides that one-half the expense of construction shall be paid by the state, 35 per cent. shall be a general county charge, and 15 per cent. a charge on the town wherein the highway is located. Section 12 of the

act provides that after the roads are constructed the supervisors shall maintain them as county roads and apportion the expense as they may be empowered by law. The act was amended by Laws 1906, p. 1093, c. 468, and section 12 as amended provides that after acceptance the total cost to a town for the maintenance and repair of such highways in any one year shall be $50 in any town for each mile or fraction of a mile of such highways. Laws 1901, p. 206, c. 83, provides a complete system for the construction and improvement of highways in Orange county, entirely independent of any general law. Section 5 provides that any highway, or section thereof, constructed or improved under this act, shall be maintained in the manner provided in chapter 115 of the Laws of 1898. This section was amended by Laws 1904, p. 878, c. 334, entitled "An act to provide for the improvement of the public highways in the county of Orange," which expressly made the cost of maintaining the highways a county charge. *Held*, that the amendment of the general law in 1906 did not repeal the special Orange county law, and that its provisions are still in force.

**3. STATUTES—SPECIAL LAWS—HIGHWAYS.**

The constitutional provision requiring that laws for the improvement of highways shall be general applies only to the construction or building of highways, and not to their maintenance.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Statutes, §§ 108, 109.]

Application by the Business Men's Association of the City of Newburgh for a peremptory writ of mandamus to the board of supervisors of Orange county. Motion denied.

Graham Witschief, for relator.

Joseph D. Gott and M. N. Kane, for respondent.

TOMPKINS, J. This is an application for a peremptory writ of mandamus, directing the board of supervisors of Orange county to provide for the levy of the respective amounts which each of the towns of said county named in a notice from the Comptroller of the state, received by said board on the 6th day of November, 1906, was by said notice required to raise and put into the state treasury on account of the maintenance of highways, and to require the payment of such amounts by the several town collectors to the treasurer of Orange county, as provided by section 12, c. 115, p. 221, of the Laws of 1898, and the amendments thereof. The question presented is whether the sum of $4,250, which is the aggregate of the several amounts contained in said notice, and a part of the cost of maintaining highways in the several towns of Orange county, is a charge upon the whole county, including the cities, or whether it shall be paid by the towns of the county in which the maintenance work was done; and it involves a determination of the question whether the special highway act relating to the county of Orange, being chapter 83, p. 206, of the Laws of 1901, as amended by chapter 334, p. 878, of the Laws of 1904, was repealed by the general highway law, which places the cost of maintenance upon the towns, and does not make it a general county charge.

Chapter 115 of the Laws of 1898, providing for the improvement of public highways, provides that one-half of the expense of construction shall be paid by the state, 35 per centum "shall be a general county charge, and 15 per centum shall be a charge upon the town

in which the highway is located." Section 12 of the act provides that, after the roads are constructed, the supervisors shall maintain the same as county roads, and apportion the expense, "as they may be empowered by law." That act was amended by chapter 468, p. 1093, of the Laws of 1906, and section 12, as amended, provides that, after acceptance, the total cost to a town for the maintenance and repair of such highways in any one year shall be $50 in any town for each mile or fraction of a mile of such highways. The effect of these two acts is to place one-half of the cost of construction work upon the state, and one-half upon the county and the town in which the road is constructed, while for maintenance purposes the state pays all in excess of $50 per mile, which amount the town in which the road is maintained must pay.

It appears from the motion papers that under these general statutes, the Comptroller of the state in November, 1906, notified the board of supervisors, as provided by section 12 already referred to, to levy a tax of $4,250 against the several towns in said county for maintenance and repairs of roads, as per statement furnished to him by the state engineer and surveyor; and in the notice the names of the several towns, together with the mileage of roads maintained, were stated, and the amount of $4,250 is the aggregate of the $50 in each town for each mile or fraction of a mile of highway maintained during the year. Upon receipt of this notice from the Comptroller, instead of the board of supervisors levying the several amounts making up the sum of $4,250 against the towns named in the notice, the entire sum was made a county charge and paid out of the general county funds; and the defendant now seeks to justify that act by the claim that the general statutes above referred to do not apply to Orange county, but that the construction and maintenance of Orange county highways is controlled and regulated by the provisions of chapter 83 of the Laws of 1901, as amended by chapter 334 of the Laws of 1904, entitled, "An act to provide for the improvement of the public highways in the county of Orange."

This chapter 83 of the Laws of 1901 provides a complete system for the construction and improvement of highways in Orange county, entirely independent of any general law; and it is to be observed here that the general statute already referred to, and known as chapter 115 of the Laws of 1898, which puts a part of the cost of construction work upon the town, was already a law when this special act was passed, which puts the entire cost of construction work on the county. So that it is perfectly clear that the intention of the Legislature, in enacting the special Orange county act in 1902, was to provide a different system and method for that county. Section 5 of this special act of 1901 reads as follows:

"Any highway or section thereof, constructed or improved under this act, shall be maintained in the manner provided in said chapter 115 of the Laws of 1898."

This chapter 115 is the general law first above referred to, and that provides that the supervisors shall maintain the highways as county roads and apportion the expense as they may be empowered by law. In 1904, the Legislature amended section 5 of the special Orange county

act, and expressly makes the cost of maintaining the highways a county charge. So that we have the general law, enacted in 1898, making no special provision for the cost of maintenance, and the special Orange county law, enacted in 1901, providing that the roads shall be maintained in the manner provided by the general law of 1898; then comes the amendment in 1904 of the special Orange county law, expressly making the cost of maintenance a county charge; and then comes the amendment in 1906 of the general law providing that the towns shall pay to the state $50 per mile for the maintenance of roads—the state to pay the balance.

The question now is, which law in reference to maintenance applies? Is it the special Orange county law, as enacted in 1901, and amended in 1904? Or were those provisions repealed by the amendment to the general law passed in 1906? I have reached the conclusion that the amendment of the general law passed in 1906 did not repeal the special Orange county law, and that its provisions are in force. The general act of 1906 does not expressly repeal the special Orange county law, nor does it contain a clause repealing repugnant or inconsistent acts, or parts of acts. "A special statute, providing for a particular case and applicable to a particular locality, is not repealed by a statute general in its terms and application, unless the intention of the Legislature to repeal or alter the special law is manifest, although the terms of the general act would, if strictly construed, but for the special law, include the case or cases provided for, by it." Buffalo Cemetery Ass'n v. City of Buffalo, 118 N. Y. 61, 22 N. E. 962. In the Matter of the Evergreens, 47 N. Y. 220, the court says:

"A statute will not be held repealed by implication, if a reasonable construction will enable it to stand consistently with the alleged repealing statute."

In the case of Parker v. Elmira, C. & N. R. R., 165 N. Y. 274, 59 N. E. 81, cited in relator's brief, the court said that a repeal of a statute by implication is not to be favored. When by a reasonable and fair construction two enactments can be made to work together, and each can be made to accomplish a different and independent result, a special or local statute will not be affected by a subsequent general law relating to the same subject. Parker v. Elmira, C. & N. R. R. Co., 165 N. Y. 279, 59 N. E. 81; Matter of Dobson, 146 N. Y. 357, 40 N. E. 988; McKenna v. Edmundstone, 91 N. Y. 231; Casterton v. Town of Vienna, 163 N. Y. 369, 57 N. E. 622.

Here there is not only no indication of an intention on the part of the Legislature to repeal the special act, but, on the contrary, it seems to me that there is evidence of an intention not to interfere with its provisions and of a design to give to Orange county a separate and different system and method of highway construction and maintenance. The act of 1906, which it is claimed, on the part of the relator, repealed the provisions of the special acts of 1901 and 1904, is not an original act, but an amendment of the act of 1898; and prior to this amendment of 1906 the Legislature had already provided that in Orange county the cost of construction and maintenance should be a general county charge, while the general law then in force put a part of the cost upon the town, and contains no specific provision as to the ap-

portionment of the expense of maintenance. The amendment of 1906, is no more inconsistent with ·the special Orange county law than was the local act with the general law of 1898, which the law of 1906 amends, because both local acts provide for a different system of maintenance from that provided by the general act.

While the general act of 1906 may be more advantageous to the county of Orange, and the taxpayers of said county, because of the liberality of the state in the matter of maintenance of highways, yet it cannot be said for that reason that the provisions of the general act of 1906 are inconsistent with or repugnant to the provisions of the local acts; and while the policy of the state is in favor of general laws governing interests that are common to the people generally throughout the state, and opposed to special acts for particular localities, nevertheless the Legislature has the power to enact a special law, so long as it does not conflict with some constitutional provision, and until such special act is repealed the court is bound to give it force and effect. In my opinion the Constitutional provision, requiring that laws for the improvement of highways shall be general, applies only to the construction or building of highways, and not to their maintenance.

The motion for a peremptory writ of mandamus denied.