The judgment of the Special Term therefore should be reversed.

LARREMORE and BEACH, JJ., concurred.

Judgment reversed.

THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondents, *against* SAMUEL BUEL, JR., Appellant.

(Decided June 30th, 1884.)

The act of 1822, relative to intelligence offices in the City of New York (L. 1822 c. 15 p. 12), which authorized the Common Council of that city to pass ordinances for licensing intelligence offices and to fix the license fees, was not superseded or repealed by the Consolidation Act of 1882; the provisions of the latter act in respect of the keepers of intelligence offices being merely cumulative of the pre-existing law.

APPEAL from a judgment of the District Court in the City of New York for the Third Judicial District.

The action was brought to recover a penalty imposed by an ordinance of the Common Council of the City of New York for keeping an intelligence office in that city without a license. Judgment for plaintiffs was rendered by the justice of the District Court, from which defendant appealed to this court.

*Louis· C. Waehner*, for appellant.

*William A. Boyd*, Corporation Attorney, for respondents.

Mayor &c. of New York v. Buel.

CHARLES P. DALY, Chief Justice.—The act of 1822 (L. 1822 p. 12) declares that the Common Council "shall have full power and authority to make and pass such by-laws and ordinances as they shall, from time to time, deem necessary and proper for the regulation of intelligence offices in the City of New York, or to prohibit the keeping of such offices, and for requiring that no person shall keep any such office without first obtaining a license for that purpose from the Mayor of said city, and paying therefor such sum of money as the said Common Council may require;" and the Common Council have, by ordinance, fixed that sum at $25, and $12.50 for every annual renewal of the license. This act has not been superseded or repealed by the act of 1882, consolidating into one act the special and local laws affecting public interests in the City of New York. It does not follow, because, by the act of 1882, the local laws of the City of New York have been consolidated into one act, that a prior local law has been repealed. It must be repealed expressly, or by necessary implication.

Indeed, it has been said by Dwarris that the leaning of the court is so strongly against repealing the positive provision of a former statute by construction as almost to establish the rule of no repeal by implication (Dwarris on Statutes, 673, 674); and it is only where the provisions of the subsequent act are so contrary to or incompatible with the former that it will amount to a repeal of it; or where the whole construction of the subsequent act shows that it was intended to supersede it (Norris v. Crocker, 13 How. [U. S.] 429; Potter on Statutes, 155 to 161 and cases there collected); which is not the case here.

I do not find in the language quoted from the report of the commissioners who framed the consolidated act anything to warrant the assumption of the appellant that the commissioners intended to repeal the act of 1822. But even if they had expressed that such was their intention, it would not be enough; the repeal must be in the subsequent statute itself, either expressly or by necessary implication.

All that has been done in the consolidated act in respect

to the keepers of intelligence offices is that they are classified amongst those in relation to whom ordinances requiring them to be licensed may be passed by the Common Council; and in this respect the consolidated act is merely cumulative of the pre-existing law in 1822, and does not in any way repeal the provision in the act of 1822 that the persons obtaining the license should pay therefor such sum of money as the Common Council may require. The Common Council therefore had authority to enact the ordinance that keepers of intelligence offices should pay for licenses the sums before named, and that if any one kept an intelligence office without having procured a license he should be subject to a penalty of $50 for each offense.

The appellant insists that the judgment should be reversed because neither the Legislature nor the Common Council have defined what an intelligence office means; the simple answer to which is that it was unnecessary, as the term has a well known meaning, not only in this city and this state, but throughout the United States. It is sufficient to quote the definition of it by Webster, who says "An intelligence office is an office or place where information may be obtained, particularly respecting servants to be hired." .

The action was maintainable, and the judgment for the penalty should be affirmed.

LARREMORE, J., concurred.

Judgment affirmed.