DANIEL R. LYDDY, Appellant, *v.* LONG ISLAND CITY, Respondent.

Although repeals by implication are not favored, yet, where two statutes are manifestly repugnant and tend to nullify each other, the older enactment must yield to and will be considered as repealed by the later.

The provision of the original charter of Long Island City (chap. 719, Laws of 1870), giving to the common council power to employ and pay an attorney, is repugnant to and was repealed by the amended charter (chap. 461, Laws of 1871), and under the latter the common council is placed under an absolute disability to create any debt or liability on the part of the city for legal services.

A person can contract with a municipal corporation only through its authorized agents, and is chargeable with notice of the limitations upon their official authority imposed by general laws.

Where the common council of a city has no authority to create a liability against it by express contract, it cannot legalize such a claim by acknowledgment, ratification or otherwise.

(Argued December 17, 1886; decided January 18, 1887.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made January 17, 1886, which reversed a judgment in favor of plaintiff entered upon a decision of the court on trial without a jury.

The nature of the action and the material facts are stated in the opinion.

*James M. Lyddy* for appellant. The common council of Long Island City had full legal power and authority under its charter to employ counsel. (Laws of 1870, chap. 719; Laws of 1871, chap. 461.) Unless a subsequent statute is inconsistent with or repugnant to a former statute, both must be construed as standing together. (*People* v. *Palmer*, 52 N. Y. 85; *Smith* v. *People*, 47 id. 330; Pott. Dwar. on Stat. 156, 157; *People ex. rel. Twenty-third St. R. R. Co.* v. *Com'rs. of Taxes*, 95 id. 558; *People ex. rel. Wood* v. *Lacombe*, 99 id. 43; *Mark* v. *Stone*, 97 id. 572; *Legrand* v. *Man. Mer. Ass'n*, 80 id. 638 v. *Le Couteulx* v. *City of Buffalo*, 33 id., 336; *Ketcham* v. *City of Buffalo*, 4 Kern. 356.) Where a party has sufficient remedy at law against a public officer, the court is not bound to grant the writ of *mandamus*, but may, in its discretion, refuse the writ and remit the party to an action at law. (*People* v. *Thompson*, 99 N. Y. 641; *People ex rel. Lunney* v. *Campbell*, 72 id. 496.) The defendant was estopped from denying plaintiff's claim. (*Curnen* v. *Mayor*, etc., 79 N. Y. 514; *People ex rel. Ryan* v. *French*, 14 Weekly Dig. 173; *O'Leary* v. *Board of Education, N. Y.*, 93 N. Y. 4, 5; *People ex rel. Wright* v. *Com. Coun. of Buffalo*, 16 Abb. [N. C.] 96; Sedg. on Stat. Law, 92; 1 Kent [7th ed.] 513; m. p. 464; *Stief* v. *Hart*, 1 N. Y. 20-30.)

*Jesse Johnson* for respondent. The defendant corporation never employed or retained the plaintiff. (*Keys* v. *Westford*, 17 Pick. 273.) The burden was on the plaintiff to prove that there was a fund in the treasury at the time he was retained with which to pay him. (*Starin* v. *Town of Genoa*, 23 N. Y. 449; *Donovan* v. *Mayor*, etc., 33 id. 293; *McDonald* v. *Mayor*, etc., 68 id. 23; *Callahan* v. *Mayor*, etc., 6 Daly, 230, 260; *Lawrence* v. *Mayor*, etc., 54 How. 225, 260.) The employment was in violation of the provision of defendant's charter. (*Smith* v. *Mayor*, etc., 5 Hun, 237, 239; *In re Mead*, 74 N. Y. 216, 219; 1 Dillon on Mun. Cor., chap. 460.) The plaintiff's proper remedy was by *mandamus*. (*Dannat* v. *Mayor*, etc., 66 N. Y. 585; *Swift* v. *Mayor*, etc., 83 id. 528.)

*Per Curiam.* The plaintiff had judgment upon a trial, before the court without a jury. On appeal the General Term reversed the judgment for alleged errors of law, and ordered a new trial.

The plaintiff appeals from such reversal upon the usual stipulation for judgment absolute in the event of an affirmance by this court of the order appealed from.

The action was brought to recover for legal services alleged to have been performed by the plaintiff, at the request and upon the employment of the common council of Long Island City, in the investigation of certain alleged abuses by the board of water commissioners in the administration of the affairs of the water department of the city.

It is claimed by the respondent that the common council had no authority, under its charter, to create any liability against the city for such services, a previously existing statute giving such authority having been repealed before the rendition of the services.

The defendant was originally organized as a city under chapter 719 of the Laws of 1870, and among the powers given to its common council by that act, was that of employing " an attorney and counsel when the business of the board required one, and to pay them a resonable compensation."

This charter was revised and extended by chapter 461 of the Laws of 1871, and it is claimed by the respondent that thereby, the authority of the common council to employ attorneys was taken away, and that thereafter it was placed under an absolute disability to create any debt or liability on the part of the city for legal services.

While no express repeal of the provisions of the law of 1870, is contained in the act of 1871, it is provided that such provisions thereof as are "not inconsistent with the provisions of this act are to be construed with and made applicable hereto." A clear implication arises from this language that such parts of the former statute, as are repugnant to or inconsistent with the provisions of the later act are intended to be repealed.

It is properly urged by the appellant's counsel, that repeals

by implication are not favored by the law, and that a prior statute shall not be deemed repealed by a later one, when they can both be given a legitimate effect, and stand together. The rule, however, implies that if the two acts are manifestly repugnant and tend to nullify each other, then the older enactment must yield to the later statute. (*Mark* v. *The State*, 97 N. Y. 572.)

Upon examining and comparing these statutes, with the view of discovering the legislative intent upon the subject, it is apparent that the act of 1871 is much more elaborate, and attempts to establish a more comprehensive, systematic and detailed form of municipal government than that provided by the act of 1870. Among other things, this charter undertook to classify the business of the city, and for that purpose provided for the establishment of eight separate departments, consisting of the following: "Finance · department and receiving taxes, law department, department of public-works, police and health department, a board of education, board of water commissioners, a fire department, a board of assessors."

Of the law department it was enacted that it should "have charge and conduct of *all law business* of the corporation and of all the co-ordinate departments created by this act. The chief officer of the department shall be called the attorney and counsel to the corporation. For such services he shall receive an annual salary of two thousand dollars, in lieu of all charges against the city for the same. He shall be appointed by the mayor, and shall hold his office for the term of three years, or until his successor shall have been appointed."

The common council are required to raise annually a sum, not exceeding $75,000, for the wants and welfare of the city, which sum is to be the budget for the ensuing year, and is required to be divided among the various departments of the city in certain specified proportions, the sum of $8,000 being assigned to the maintenance of the law department and expenses of local judiciary. The common council is forbidden to divert any money from one fund or budget to another.

It is also forbidden to borrow money or to issue bonds or

other evidences of debt, or to incur liability for the payment of any money, or direct any work for the payment of which the city may become liable beyond the amount of cash applicable to the particular purpose then in the treasury of the city, and all acts done, bonds, or other evidences of debt, issued and debts contracted, contrary to the true meaning and intent of this section, shall be absolutely null and void as against said city, but the members of the common council voting therefor, shall be jointly and severally liable therefor.

The slightest consideration of these provisions shows an insurmountable repugnancy existing between them and the provisions of the act of 1870.

By the later act the selection and appointment of attorneys to transact the legal business of the corporation, is confided wholly to the mayor, their compensation is fixed and limited by law, and is payable from a fund specially and inviolably devoted to that purpose, and it purports to organize a complete and perfected bureau for the transaction of all the corporate legal business of the municipality.

It was not contemplated that extra counsel should be employed to perform legal services for the corporation, and no power was lodged in the authorities to provide funds for their compensation even if employed.

The scheme of the act was to guard the city from loose, reckless and indefinite expenditure, and limit the power of its authorities to create debts, by the most careful and stringent provisions.

All of the law business of the corporation was required to be performed by the officers of the law department, and their compensation was limited, and the common council was prohibited from using any of the funds raised for that department for any other purpose.

The carefully devised plan to limit the power of the common council in the incurrence of liability on the part of the city, would be frustrated, and the scheme of the act in respect to the financial economy of the city, would be nullified and defeated, by the retention of the provisions of 1870.

It is not in accordance with settled rules of construction to ascribe to the law-making power an intention to establish conflicting and hostile systems upon the same subject, or to leave in force provisions of law, by which the later will of the legislature may be thwarted and overthrown. Such a result would render legislation a useless and idle ceremony and subject the law to the reproach of uncertainty and unintelligibility.

We are, therefore, of the opinion that the provisions of the act of 1870, referred to, were inconsistent with, and necessarily repealed by the subsequent statute, and that the common council had no power to bind the defendant, by the employment of the plaintiff to render legal services. The plaintiff could contract with the city only through its authorized agents, and he is chargeable with notice of the limitations upon their official authority imposed by general laws. (*Donovan* v. *City of New York*, 33 N. Y. 291, 293.)

It follows, as the necessary result of the want of power on the part of the common council, to create liability by express contract, that it could not legalize such claim by acknowledgment, ratification or otherwise.

The question here discussed is fairly presented by the exceptions taken to the finding of law that the defendant is indebted to the plaintiff, and the refusal to find that the liability of the defendant is controlled by the statute of 1871.

The judgment should be affirmed and judgment absolute ordered in favor of defendant, with costs.

All concur.

Judgment affirmed.