### PEOPLE *v*. SHERIDAN.

*(Supreme Court, General Term, First Department. May 18, 1888.)*

STATUTES—REPEAL—PROVISIONS OMITTED FROM AMENDED ACT—NEW YORK CITY CONSOLIDATION ACT, § 1938.

The consolidation act of New York city of 1882, § 1938, making it a misdemeanor to use salt or saltpeter to dissolve ice and snow on the public streets of said city, is not repealed by the amendment to the Penal Code, passed in 1885, § 661, omitting that offense from the general laws of the state.

Appeal from court of general sessions, New York county.

Thomas Sheridan was indicted, under section 1938 of the consolidation act of New York city, for using salt to melt snow on a railroad track in a public street. He demurred to the indictment on the ground that an amendment to the Penal Code, passed in 1885, had repealed this section. The demurrer was sustained, and the people appealed.

Argued before VAN BRUNT, P. J., and DANIELS and BRADY, JJ.

*J. D. Lindsay*, for the People. *F. B. House*, for respondent.

BRADY, J. The indictment contained two counts,—the first framed under section 1938 of the consolidation act, (Laws 1882, c. 410;) and the second under section 85 of that act,—alleging an offense against an ordinance of the common council, and charging that the defendant on the 11th of January, 1887, unlawfully threw, exposed, placed, and sprinkled, and caused to be thrown, exposed, placed, and sprinkled, upon the street and highway known as "East Twenty-Third Street," and in and upon a certain railroad track, then and there being, otherwise than upon any switch or turnout of the said railroad track, for the purpose of melting certain snow which had fallen, accumulated, and been deposited upon the street, highway, and railroad track aforesaid, a quantity of salt, saltpeter, and other substances, in violation of law and of the said ordinance.

The laws relating to the subject, state and municipal, for which the people sought to punish the defendant, seem to have originated in chapter 16, Laws 1876, by the second section of which it is provided that "every person who shall throw, expose, or place, or cause or procure to be thrown, exposed, or placed, in or upon any such street, highway, or public place, except upon the curves, crossings, or switches of railroad tracks, any salt, saltpeter, or other substance for the purpose of dissolving any snow or ice which may have fallen or been deposited thereon, shall be guilty of a misdemeanor." This undoubtedly gave rise to an ordinance of the common council, (Ordinances 1880, 233,) which was a substantial adoption of the section just quoted. In 1881 (by section 661 of the Penal Code) it was provided that the use of salt and salt-

peter to dissolve snow or ice from roads, highways, streets, or public places, except upon the curves or switches of railway tracks, was a misdemeanor. This was followed by the consolidation act of 1882, which, by section 1938, provided that any person placing, exposing, or throwing upon any street or public place, except upon the crossings or switches of railroad tracks, for the purpose of dissolving any snow or ice which may have fallen or been deposited thereon, should be guilty of a misdemeanor. Thus the design and object of the act of 1876 was effectuated, and apparently perpetuated, by these several enactments. In 1885 the general law, however, was affected by an act amendatory of section 661 of the Penal Code, and which so altered that section as to exclude from it the provisions in reference to salt, saltpeter, or other substances for the purpose of dissolving snow or ice. But it contained nothing repealing either the power of the common council to pass an ordinance on the subject, the provision accomplished by section 1938 of the consolidation act, or any ordinance of the corporation relating to the subject. The repeal, therefore, affected exclusively the provisions of the Penal Code, which, though apparently founded upon the act of 1876, was general, and left, therefore, the act of 1876, which related exclusively to the city of New York, in effect.

A consideration of the propriety of the judgment pronounced upon the demurrer necessarily presents to view the ordinance of 1880, passed under the authority of the charter of the city of New York, and section 1938 of the consolidation act, the object of which was to concentrate under one act all the special and local laws affecting public interests in the city of New York. It may well be that the legislature, in repealing the provisions of section 661, regarded the use of salt and saltpeter unobjectionable in other cities than the city of New York, and for that reason made no attempt to interfere with the act of 1876, *supra*, which was passed in reference to the city of New York, or to section 1938 of the consolidation act, which had a similar purport and design. As already intimated, there has been no express repeal of either of the laws relating to the city, embracing the subjects under consideration; and, as the change made in the general law left the special or local laws in reference to the city still standing upon the statute books, the rule to be applied in considering the apparent inconsistency between the two is stated in *Heckmann* v. *Pinkney,* 81 N. Y. 215, as follows: "It is the undoubted rule that repeals by implication are not favored. Where there is no repealing clause in a later statute, and that and a former one can stand together, and both have effect, they will generally both be held to be in force." Although it is further said in that case that where a later statute, not purporting to amend the former one, covers the whole subject, and was plainly intended to furnish the only law upon the subject, the former statute must be held to be repealed by necessary implication. See, also, *McKenna* v. *Edmundstone,* 10 Daly, 410, in which it was held, on the authority of a number of cases cited, that a general act in reference to mechanics' liens did not repeal a statute on the same subject relating specially to the city of New York; the principle invoked being that a special and local act will not be deemed repealed by implication in consequence of the passage of a general law covering the subject. No such limitation exists here as suggested in *Heckmann* v. *Pinkney, supra.* The legislation on the subject had indeed a double aspect,—one for the state generally, and one for the city of New York.

The result of this examination, which has not been consummated without encountering doubts and difficulties, is that the indictment was good under section 1938 of the consolidation act; which section, it may be said, merges and absorbs the ordinance of 1880, not only as a subsequent enactment, but as one emanating directly from the legislature.

It is not deemed necessary to extend this opinion by a minute consideration of the different propositions submitted on behalf of the respondent, inasmuch as

none of them would, in any degree, tend to weaken the force of the conclusion which has been adopted. For these reasons the order appealed from should be reversed.