## BELCHER *v.* MANHATTAN RY. Co.

(*Supreme Court, General Term, First Department.* May 18, 1888.)

1. RAILROAD COMPANIES—DANGEROUS PREMISES—EVIDENCE.

In an action against a railway company for injuries caused by slipping on ice on defendant's stairway, under allegations in the complaint that plaintiff suffered great pain, and has been incapacitated from performing his work, and will long continue to be incapacitated, evidence is admissible to show that he was unable to work, and thereby lost his situation; also to show when he was first able to go to work, and what he was earning before and after the injury.

2. APPEAL—REVIEW—SUFFICIENCY OF EVIDENCE.

In an action for injuries caused by slipping on ice on defendant's elevated railway stairs, where plaintiff's witnesses testify that there was ice, and defendant's witnesses, in greater numbers, testify that there was no ice, an order of the trial judge denying defendant's motion for a new trial will not be reversed on appeal.

3. SAME—REVIEW—OBJECTIONS NOT RAISED BELOW.

In an action against a railway company for injuries caused by slipping on ice on defendant's stairway, whereby plaintiff was unable to work, and lost his situation,

under a general objection to the question put to plaintiff, "What were you earning at the time of the injury?" defendant cannot urge, on appeal, that there was nothing to show that what plaintiff was earning was stopped by reason of the accident.

Appeal from circuit court, New York county.

Lewis W. Belcher brought this action against the Manhattan Railway Company for personal injuries occasioned by slipping upon ice on the stairs of the company's elevated railway station. The allegations of the complaint, as to damages, referred to in the opinion, were "that, by reason of the premises, plaintiff has been made to suffer great pain, and has been compelled to expend large sums of money for medicines and medical attendance in attempting to be healed of his said injuries, and has been incapacitated from performing his work, and will long continue to be so incapacitated, as he is informed and verily believes; all to his damage," etc. Plaintiff was allowed to testify upon the trial, against objection, that he applied for his former place as soon as he was able to be out, and that it had been filled, and he lost the position; and evidence was also admitted, against objection, as to the time when he first went to work after the accident, and the wages he was earning before and afterwards. The question to the plaintiff: "What were you earning at the time of the injury?" was objected to on the ground that there was no allegation in the complaint upon which the earnings could be based, and that it was incompetent, irrelevant, and immaterial. On trial, plaintiff obtained a verdict and judgment, and defendant moved for a new trial on the minutes, which was denied. Defendant then appealed from the judgment and order denying a new trial.

Argued before VAN BRUNT, P. J., and BARTLETT and MACOMBER, JJ.

*Davies & Rapallo,* for appellant.

The verdict was contrary to the weight of evidence. There was no allegations in the complaint of special damage; and evidence that plaintiff lost his situation in consequence of the injury was improperly admitted. *Uertz* v. *Manufacturing Co.,* 35 Hun, 116; *Parsons* v. *Sutton,* 66 N. Y. 92; *Squier* v. *Gould,* 14 Wend. 159; *Gilligan* v. *Railroad Co.,* 1 E. D. Smith, 453; *Stevens* v. *Rodger,* 25 Hun, 54; *Clemons* v. *Davis,* 6 Thomp. & C. 523. Evidence of the time when plaintiff first went to work was improper. The point was how soon he was able to go to work. Evidence of the plaintiff's wages as weighmaster after the accident was immaterial, without proof that he could not reasonably obtain more remunerative employment. The question, "What were you earning at the time of the injury?" was improper because it did not appear what all the sources of plaintiff's earnings were. There was nothing to show that the sum earned consisted solely of his salary as a salesman, and there was nothing to show that anything but his salary as a salesman was stopped by the accident.

*Dailey & Bell,* for respondent.

VAN BRUNT, P. J. The plaintiff in this action sought to recover damages which he claims to have sustained by reason of slipping upon the ice upon the stairs of the defendant. The defendant claims, upon the other hand, that there was no ice upon the stairs, and that the slipping of the plaintiff was an ordinary accident, for which it was in no degree responsible. The issue involved was a question of fact. The defendant, to be sure, had a greater number of witnesses; and, as far as this record shows, they seem to have sworn as positively that there was no ice upon those steps upon which the plaintiff could have slipped as did the plaintiff that there was ice upon which he did slip. The defendant also proved that since the 20th of February up to the 25th of February, at a quarter past 6 in the morning of which day was the time of the happening of the accident, there had been no storm of snow

or rain from which any ice could have formed. It appears, however, that the 25th of February was a stormy and sleety day. The condition of the evidence in this case is such that, if the learned judge who presided at the trial had set aside the verdict as against the weight of evidence, such an order, upon appeal, might have been sustained, because the court below has the opportunity of seeing the witnesses, of judging of their method of testifying, and of weighing the evidence as given with much greater accuracy than can be attained by an appellate court; and if there had been any infirmities in the plaintiff's case arising from his manner of giving testimony, or from his conduct on the stand, which could not be portrayed in this case, and which might have affected his credibility, and which to the trial judge would have seemed to call upon him to set aside the verdict in view of the nature of the evidence offered upon the part of the defendant, such conclusion would not upon appeal have been interfered with. But the learned judge denied this motion. In his judgment, therefore, there was nothing in the circumstances of the case, or in the procedure of the trial, which so far impaired the weight to be given to the evidence of the plaintiff as to justify his interference. Simply because the jury have believed the plaintiff, in preference to the defendant's witnesses, forms no ground whatever for the setting aside of the verdict; and, so far as we are able to judge from the record in this case, the plaintiff is entitled to precisely the same credence as the defendant's witnesses; and his evidence was given, upon the part of the jury, greater weight than that of the defendant's witnesses. With this conclusion we cannot interfere.

The exceptions in regard to the damages do not seem to be well taken. The allegations in the complaint were sufficient to justify the introduction of evidence as to the nature and extent of the injuries, and their immediate results. In the case of *Ehrgott* v. *Mayor,* 96 N. Y. 275, proof, under similar allegations of the complaint, was sustained.

The objection to the question: "What were you earning at the time of the injury?" is not well taken. The objection was general in its character, and did not call attention, in any respect, to any of the imperfections which are urged against the admission of the question upon the appellant's points. There seems to be no reason for interference with the judgment; and it must therefore be affirmed, with costs.

BARTLETT and MACOMBER, JJ., concur.