THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
ANTOINE CHARBINEAU, Appellant.

An indictment for selling liquors without a license under the statute
(Chap. 628, Laws of 1857) contained two counts; the first charging the
defendant with selling liquors in quantities less than five gallons (§ 13); the
second with selling liquor to be drank upon the premises. (§ 14.) Defend-
ant demurred to the indictment upon the ground that it did not conform
to the requirements of the Code of Criminal Procedure (§§ 278, 279)
because more than one crime was charged therein; also, that the facts
stated did not constitute a crime.   *Held,* that the demurrer was properly
overruled; that the sale of spirituous liquors without a license in less
than five gallons at a time, though not among the offenses specifically
declared misdemeanors, is a crime punishable by indictment; that the act
complained of might constitute different crimes, and under the Code of
Criminal Procedure (§ 279), might properly be charged in separate counts.

(Submitted June 20, 1889; decided October 8, 1889.)

APPEAL from judgment of the General Term of the Supreme
Court in the third judicial department, entered upon an order
made May 7, 1889, which affirmed a judgment of the Franklin
County Court of Sessions overruling a demurrer to an indict-
ment for selling liquor without a license.  .

The defendant was indicted in the Franklin County Court

of Oyer and Terminer in September, 1888. The indictment contained two counts; the first count charged, in substance, that on the 1st day of September, 1888, the defendant did sell, in quantities less than five gallons, to one Chase, strong and spirituous liquors, etc., without having obtained a license therefor; the second count charged that the defendant on the 1st day of September, 1888, and at the time aforesaid, did, at his house, etc., sell to one Chase strong and spirituous liquors, etc., to be drank in his house, etc., without having a license therefor. The indictment was thereafter sent to the Franklin County Court of Sessions. The defendant demurred thereto as follows :

1. That the grand jury, by which it was found, had no legal authority to inquire into the crime charged, if any, by reason of its not being the commission of a crime within the local jurisdiction of the county.

2. That more than one crime is charged in the indictment within the meaning of sections 278 and 279.

3. That the facts stated in the first count of said indictment do not constitute a crime.

4. That the facts stated in the second count of said indictment do not constitute a crime.

The demurrer was overruled and the defendant adjudged guilty.

*John P. Kellas* for appellant. The indictment charges two crimes, if any, in violation of sections 278 and 279 of the Code of Criminal Procedure. (Laws of 1857, chap. 628, § 13; Code of Crim. Pro. §§ 278, 279, 323; *Wood* v. *People*, 52 N. Y. 511; *People* v. *McCarthy*, 110 id. 309–314; *People* v. *Wilson*, 109 id. 345–351; *People* v. *O'Donnell*, 46 Hun, 361; *People* v. *Harmon*, 49 id. 558.) The first count of the indictment does not state facts sufficient to constitute a crime. (R. S. chap. 20, tit. 9, §§ 15, 28; Laws of 1855, chap. 231; *Wynehamer* v. *People*, 13 N. Y. 378; *Green* v. *Shemway*, 39 id. 426; *M. B. of Health* v. *Heister*, 37 id. 682; *Village of Rome* v. *Knox*, 14 How. Pr. 268, 273, 274, 277, 278; *People* v. *Terry*, 108 N. Y. 1; *Lyddy* v.

Statement of case.

*Long Island City*, 104 id. 218; *In re Village of Middletown*, 82 id. 202; *People* v. *Briggs*, 50 id. 564; *Hughson* v. *City of Rochester*, 49 Hun, 45; *Andrews* v. *Long*, 79 N. Y. 573; *People* v. *Jaehne*, 103 id. 182, 195; *People* v. *G. and S. Tel. Co.*, 98 id. 67–78; *Hichman* v. *Pickney*, 81 id. 211; Laws of 1857, chap. 628, §§ 6, 8, 9, 13–15, 17, 18, 21, 29, 33; *Foote* v. *People*, 56 N. Y. 326; *Hill* v. *People*, 20 id. 367; *People* v. *Hislop*, 77 id. 331; *People* v. *Cowles*, 16 Hun, 577; *Taylor* v. *City of New York*, 82 N. Y. 10; *V. C. C. Co.* v. *Murtaugh*, 50 id. 317; *Whitaker* v. *Masterton*, 106 id. 277; *Fitzgerald* v. *Quam*, 109 id. 441; *Curtis* v. *Leavitt*, 17 Barb. 339; *Bell* v. *Dole*, 11 Johns. 173; *Jones* v. *Estis*, 2 id. 379; *Health Dept.* v. *Knoll*, 70 N. Y. 536; *Bunnell* v. *Griswold*, 80 id. 138; *State* v. *Maze*, 6 Humph. 17; *People* v. *Stevens*, 13 Wend. 341; *People* v. *Brown*, 16 id. 561; *Hayes* v. *Davidson*, 97 N. Y. 22; *Dudley* v. *Mayhew*, 3 id. 15; *Bronk* v. *Riley*, 18 N. Y. State Rep. 180; *Newell* v. *People*, 7 N. Y. 97; *Green* v. *H. R. R. R. Co*, 2 Keyes, 303.) The second count does not state facts sufficient to constitute a crime. (*Foote* v. *People*, 56 N. Y. 321; *Hill* v. *People*, 20 id. 363; *People* v. *Krank*, 110 id. 488; *Jefferson* v. *People*, 101 id. 19; *People* v. *Hislop*, 77 id. 331; *Tebbetts* v. *Dewd*, 23 Wend. 379.)

*H. G. Kilburn* for respondent. An indictment may contain several different counts and each count allege the crime to have been committed in a way different from the way charged in the other counts. (Code Crim. Pro. §§ 278, 279; *People* v. *Cole*, 2 N. Y. C. R. 108; *People* v. *Menken*, 3 id. 233.) Different crimes may be charged in different counts of an indictment when the acts complained of may constitute different crimes. (*People* v. *Infield*, 1 N. Y. C. R. 146; Code Crim. Pro. §§ 275, 276; *People* v. *Menken*, 3 N. Y. C. R. 233; *People* v. *Kelly*, Id. 272; 91 N. Y. 5; 1 N. Y. C. R. 379; *People* v. *Emerson*, 6 id. 157.) The sale of spirituous liquors or wines without license in less quantities than five gallons at a time is punishable by indictment. (*People* v.

*Behan*, 17 N. Y. 516 ; *People* v. *Hislop*, 77 id. 331 ; *People* v. *Foote*, 56 id. 321 ; *People* v. *Krank*, 110 id. 488.)

EARL, J.   The defendant was indicted by the grand jury of Franklin county for selling spirituous liquors without a license. The indictment contains two counts, each alleging a sale of liquor on the same day, at the same place and to the same person without a license.   The sole difference between the counts is that in the first the defendant is charged with selling liquor in quantities less than five gallons ; and in the second he is charged with selling liquor to be drank upon his premises. The defendant demurred to the indictment upon the grounds that more than one crime is charged therein, and that the facts stated therein do not constitute a crime.

Section 278 of the Code of Criminal Procedure provides that an "indictment must charge but one crime and in one form, except as in the next section provided ; " and that provides that "the crime may be charged in separate counts to have been committed by different means ; and when the acts complained of may constitute different crimes, such crimes may be charged in separate counts."   The learned counsel for the defendant contends that the sale of spirituous liquors without a license, in violation of sections 13 and 14 of the act chapter 628 of the Laws of 1857, is not a criminal offense, because the law does not declare it to be a crime.   His ingenious argument would be entitled to some consideration if the question were an open one.   But for more than thirty years, the courts construing the act have held such sales to be crimes ; and that construction which is in harmony with all the previous laws upon the same subject, which is in accordance with the common understanding, and which has been acquiesced in by the legislature, should prevail.   In *Behan* v. *People* (17 N. Y., 516) this court, by a unanimous decision, held that the sale of spirituous liquors without a license in less quantities than five gallons at a time, though not among the offenses specially declared misdemeanors by the act of 1857, is punishable by indictment ; and while that decision has been somewhat criti-

cised it has been uniformly followed and approved since. (*Hill* v. *People*, 20 N. Y. 363; *Foote* v. *People*, 56 id. 321; *People* v. *Hislop*, 77 id. 331; *Jefferson* v. *People*, 101 id. 19; *People* v. *Krank*, 110 id. 488.) We must, therefore, hold that the indictment charges a crime.

Does it charge more than one crime in violation of the section of the Code above quoted? We think not. The indictment charges but one act, and that is a sale without a license at a specified time and place to a person named. If there was a sale of less than five gallons of liquor to be drank upon the premises of the defendant, then it was a crime under both sections 13 and 14 of the act of 1857; and hence, under section 279 of the Code, the act complained of may constitute different crimes, and, therefore, may be charged in separate counts.

The judgment should, therefore, be affirmed.

All concur.

Judgment affirmed.