MICHAEL HELLWIG, Respondent, *v.* JOHN H. BLUMENBERG *et al.*, Appellants.

*Supreme Court, Second Department, General Term, December 9,* 1889.

*Contract. Construction.*—Where the provisions of a contract are ambiguous, a subsequent agreement between the parties, made for the purpose of settling a dispute as to their meaning, will be accepted by the court as the interpretation of the contract.

Appeal from judgment in favor of the plaintiff entered upon a trial by the court without a jury.

Action to foreclose a mechanic's lien.

*Norman A. Lawlor* and *Charles F. Irwin,* for appellants.

*Walter S. Allerton,* for respondent.

PRATT, J.—The principal question made on the appeal is as to the charge of $183 for blasting.

The written contract was to the effect that plaintiff should do " all the excavating, grading," etc., for the sum of $674.

The defendant claims that the blasting is included in the written contract under the term " excavating," and that no extra charge can be made therefor.

The proof is to the effect that when the existence of a large mass of rock was disclosed this question arose between the parties. It was then agreed that plaintiff should blast the rock and the expense thereof should be borne equally by the parties. The charge of $183 is one-half of the cost paid out by plaintiff for wages of men in blasting.

We do not think that blasting rock is so clearly included in the term " excavating " as to raise any suspicion of plaint-

iff's good faith when at or near the beginning of his work he insisted on his interpretation of the contract.

The question of interpretation was a fair one and seems to have been settled by the parties at the time in a fair way. That settlement was properly sustained by the court below when plaintiff was allowed judgment for one-half the expense of blasting.

The objection is made that the judgment requires the interest of Henrietta Blumenberg in the premises to be sold to satisfy plaintiff's lien, when it does not appear that she was a party to the contract for the building of the house, or in any way made herself liable for the expenditure.

It is to be observed that neither when the motion to dismiss was made, nor at any time during the trial, was the attention of the court called to this point. Proof of her knowledge and approbation of the work would have been sufficient to subject her interest in the land to the operation of the lien.

The case does not show that all the testimony given upon the trial is before us. It may well be that such knowledge and approbation were shown.

Judgment affirmed, with costs.

BARNARD, P. J., and DYKMAN, J., concur.

---

NOTE ON "RULES OF CONSTRUCTION OF STATUTES."

It is not allowable to interpret what has no need of interpretation. McClusky *v.* Cromwell, 11 N. Y. 593. When the words have a precise and definite meaning, it is not permitted to go elsewhere in search of conjecture, in order to restrict or extend the meaning. Id. The natural and obvious should be taken without resorting to subtle and forced construction. Id.

Where language is explicit, the court should not allow itself to lose sight of its plain meaning, and to wander in the mazes of conjecture. People *ex rel.* Bockes *v.* Wemple, 115 N. Y. 302. Whether the excursion into the ways of speculation be invited by the natural habit of thought, or by the dictates of considerations, personal in their bearing and influence, it is dangerous to indulge in it, when the court is reading the plain and unambiguous language in which the people have framed their will. Id.

Note on " Rules of Construction of Statutes."

The words of a statute are to be taken in their ordinary and familiar signification and import, and regard is to be had to their general and proper use. People _ex rel._ Van Valkenburgh _v._ Myers, 33 St. Rep. 18.

Words, having a precise and well settled meaning in the jurisprudence of a country, are to be understood in the same sense when used in its statutes, unless a different meaning is unmistakably intended. Perkins _v._ Smith, 116 N. Y. 441.

In construing a statute, the court may disregard punctuations and transpose a comma, where the legislative sense requires it. Matter of Brooklyn Elevated R. R. Co., 125 N. Y. 434.

That construction, which is in harmony with all the previous laws upon the same subject, which is in accordance with the common understanding, and which has been acquiesced in by the legislature, should prevail. People _v._ Charbineau, 115 N. Y. 433.

The words of a statute, if of common use, are to be taken in their natural, plain, obvious and ordinary signification. People _ex rel._ Bockes _v._ Wemple, _ante._ It is only where the literal acceptation of the words used will work a mischief, or some absurd result, or where some obscurity in the sense compels it, that the courts need to resort to extrinsic aids of interpretation. Id. The intent of the legislature is to be sought, primarily, in the words used, and, if they are free from ambiguity, there is no occasion to search elsewhere for their meaning. Id.

In construing language fraught with important consequences to the rights of persons, the court ought to give to the words of the statute their precise and natural sense, and not force from them a meaning which strains construction and works a wrong. Polhemus _v._ Fitchburg R. R. Co., 123 N. Y. 502.

Where a sense is to be supplied to inaccurate or incomplete words in an enactment, that sense which works an injustice should be avoided. Id.

The court is not compelled, indeed, it is not permitted, to give absolute and unqualified effect to a single section or clause of a statute, however direct, plain and unambiguous, considered by itself alone, the language may be, if there are other provisions inconsistent with a literal and unrestricted interpretation of such clause or section; unless the repugnancy is irreconcilable. People _ex rel._ Mason _v._ McClave, 99 N. Y. 83. In such case, it is the duty of the court to preserve the paramount intention, so far as it is consistent with the rules of law, though this may lead to the rejection of some subordinate and secondary provision. Id.; Taggart _v._ Murray, 53 N. Y. 233. It does not very frequently happen that a statute is incapable of a construction which will give some effect to all its parts. Id.

The primary purpose of interpretation is to ascertain the intent of the law-makers, and in statutes as in other instruments, clauses, in themselves absolute and unqualified, may be limited by other clauses and provisions. People _ex rel._ Mason _v._ McClave, 99 N. Y. 83. The whole context of a statute may be examined to ascertain the meaning of a particular clause. Id. This becomes necessary where the meaning is doubtful, or where, by

giving a particular clause full effect, it would come into conflict with other clauses. Id.

A statute, like a will or contract, is to be construed as a whole. Id. In applying this principle of construction, it is not material in what order provisions, which at first blush seem contradictory, are placed. Id. The meaning is to be collected *ex antecedentibus et consequentibus*, and a later provision may be qualified by a prior one, or the contrary. Id. When the effort at a reconciling construction fails, and the repugnancy between different parts is absolutely irreconcilable, courts sometimes solve the difficulty by applying the somewhat arbitrary rule that the last expression of the law-maker in the act embodies the final intent, and on this ground give it effect, rejecting the prior inconsistent provision. Id. But this rule is to be resorted to only *in extremis*. Id.

When a statute admits of two constructions, the one in harmony with, and the other in hostility to, the general system of legislation on the subject to which it relates, the construction which harmonizes all the statutes should be adopted. Perkins *v.* Smith, *ante.*

The referring of a relative to such antecedents only as will give a clause a sensible and reasonable construction is justified by reason and authority. People *ex rel.* Mason *v.* McClave, *ante.*

It is one of the rules of construction, applicable to statutes, that the intent of the legislature is to be sought for, and, when discovered, is to prevail over the literal meaning of the words of any part of the law. Peck *v.* Baldwin, 58 Hun, 308. This intent is to be found, not only by considering the words of any part, but by ascertaining the general purposes of the whole. Id. The exact and literal wording of an act may sometimes be rejected if, upon a survey of the whole act and the purpose to be accomplished, or the wrong to be remedied, it is plain that such exact and literal rendering of the words would not carry out the legislative intent. Id. People *ex rel.* Jackson *v.* Potter, 47 N. Y. 375 ; Bell *v.* Mayor, etc., 105 Id. 144 ; Delafield *v.* Brady, 108 Id. 529 ; People *ex rel.* Killeen *v.* Angle, 109 Id. 568.

It is in elementary rule that statutes are to be interpreted according to their intent. People *ex rel.* Bockes *v.* Wemple, *ante.* The intention of the legislature is undoubtedly the great principle which controls in the office of interpretation. Id.

Statutes should be so construed as to give effect to the purpose of the law-makers. Delafield *v.* Brady, *ante.* When framed in general terms, they frequently embrace things which are not within the intent of the law-makers, and sometimes things within such intent are not within the letter. Id. For this reason, it has been frequently held, in construing statutes, that a thing within the letter of a statute is not within the statute, unless it is within the intent of the law-makers. Id., Lake Shore, etc., Co. *v.* Roach, 80 N. Y. 339 ; Jackson *v.* Collins, 3 Cow. 89 ; People *v.* Utica Ins. Co., 15 John. 358.

The great principle, in the interpretation of statutes, which is to control,

is the intention of the legislature in its enactment. Weiler *r.* Nembach, 47 Hun, 166. This intention is to be ascertained from the cause or necessity of making the statute as well as other circumstances. Id. People *ex rel.* Wood *v.* Lacombe, 99 N. Y. 43 ; Mayor, etc.,'*v.* Third Ave. R. R. Co., 48 Hun, 621.

A strict and literal interpretation is not always to be adhered to; and, where the case is brought within the intention of the makers of the statute, it is within the statute, though by a technical interpretation it is not within the letter. Weiler *v.* Nembach, *ante.* People *ex el.* Wood *v.* Lacombe, *ante.* It is the spirit and purpose of a statute which have to be regarded in its interpretation. Id. If these find fair expression in the statute, it should be so construed as to carry out the legislative intent, even though such construction is contrary to the literal meaning of some provisions of the statute. Id.; People *ex rel.* Wood *r.* Lacombe, *ante ;* Mayor, etc., *v.* Third Ave. R. R. Co., *ante.*

A reasonable construction should be adopted in all cases, when there is a doubt or uncertainty in regard to the intention of the law-makers. Weiler *v.* Nembach, *ante ;* People *ex rel.* Wood *v.* Lacombe, *ante ;* Mayor, etc., *v.* Third Ave. R. R. Co., *ante.*

The object of all rules of construction is to ascertain the meaning of the language used. Weiler *v.* Nembach, *ante.* It is unreasonable to impute to the legislature inconsistent intents upon the same general subject matter. What it has clearly said in one part, therefore, must.be the best evidence of what it has intended to say in another portion. Id. This conclusion, certainly, is more in harmony with the rules of construction, than to hold that, in one part of the same statute, the legislature deliberately enacted one thing, and then in a subsequent part of the same statute revoked the previous enactment without any apparent reason for so doing. Id.

While the rules stated are especially applicable in considering the phraseology of statutes, they may also be properly invoked where several statutes are passed relating to the same general subject. People *ex rel.* Wood *r.* Lacombe, *ante.*

Some meaning must be given the words and some purpose attached to the legislative will, if it is possible to do so. Fitzgerald *v.* Quame, 109 N. Y. 441.

The distinction which, in the construction of statutes, is sometimes made between directory and mandatory provisions, proceeds upon the supposed intention of the legislature, and a discrimination between the essential and the immaterial or non-essential provisions of the statute; or where the statute relates to the powers and duties of officers, between those parts which are intended as a mere direction to the officer in the execution of his duties, and those which relate to and concern his substantial authority. Wuesthoff *v.* Germania L. Ins. Co., 107 N. Y. 580. The exercise by courts of a power to disregard a particular provision of a statute on the ground that it is directory merely, is a delicate one and should be applied with great caution. Id. The intention of the legislature is the cardinal consideration in the construction of statutes. Whether a particular provision

Note on "Rules of Construction of Statutes."

is mandatory or directory, is to be determined from the language used and the purpose in view. Id.

The exact and literal wording of an act may sometimes be rejected, if, upon a survey of the whole act and the purpose to be accomplished or the wrong to be remedied, it is plain that such exact or literal rendering of the words will not carry out the legislative intent. Bell *v.* Mayor, etc., 105 N. Y. 139. In such case, the title of an act may be regarded also for the same purpose of arriving at the real meaning of the legislation. Id. Smith *v.* People, 47 N. Y. 330. But, where the legislative meaning in the words, used in the body of the act, is plain and free from any ambiguity, those words will control the title. Bell *v.* Mayor, etc., *ante.*

It is a rule of construction that the legislature is presumed to have knowledge of the facts directly involved in its acts. Cox *v.* Mayor, etc., 103 N. Y. 519. But it is absurd to presume that it has knowledge of all the collateral and remote facts involved, or that it contemplates all the consequences to flow directly or indirectly from its legislation. Id. Its knowledge falls far short of omniscience, and the rule can go but little farther than to deny the right to assail legislative acts on the ground that they were passed through ignorance or mistake of fact. Id.

It is a well settled rule, in the construction of statutes, that the legislative intent must govern even where such construction seems to run counter to the letter of the law. People *ex rel.* Tucker *v.* D'Oench, 44 Hun, 33.

An act should be so construed as to give effect to the intention of the lawmakers, and, if its plain meaning requires that it should be given a retractive effect, and neither vested rights, existing contracts nor causes of action are thereby destroyed, no reason or rule of construction prohibits it. People *ex rel.* Collins *v.* Spicer, 99 N. Y. 225. The general rule, which, in the absence of express language authorizing retroaction, requires a statute to be so construed as to have a prospective effect only, is not, except as to a certain class of statutes, an inflexible one. This doctrine is not understood to apply to remedial statutes which may be of a retrospective nature, provided they do not impair contracts or disturb absolute vested rights and only go to confirm rights already existing and in furtherance of the remedy, by curing defects and adding to the means of enforcing existing obligations. Id.

Legislation of this character is of frequent occurrence in this state, and when restrained within proper limits is of great public benefit and convenience. People *ex rel.* Collins *v.* Spicer, *ante.* When the plain object and design of a statute seem to be to obviate controversies between innocent parties, arising out of defective legislation, or the negligent or improper conduct of public officers, it would seem to be the plain duty of a court, as well as the requirement of a wise public policy, to adopt such a construction, if not inconsistent with its terms, as will accomplish the purpose of the act. Id.

In looking for the intent of the legislature, not only the language of the statute may be resorted to, but also the circumstances which occasioned its enactment and the object professed in its title, and, if by these aids, the in-

tent of the act can be clearly ascertained, effect may be given to it, though no retrospective words are contained in the law. People *ex rel.* Collins *v.* Spicer, *ante ;* People *v.* Molyneaux, 40 N. Y. 113 ; People *v.* Supervisors, etc., 43 Id. 132 ; Ayers *v.* Lawrence, 59 Id. 196 ; People *ex rel.* Witherbee *v.* Supervisors, 70 Id. 236 ; Cooke *v.* Wood, 71 Id. 371 ; People *ex rel.* Westchester F. Ins. Co. *v.* Davenport, 91 Id. 585.

Sound policy requires that legislative ratification of what was previously unlawful should be found in plain language, and not left to uncertain implication and doubtful inferences resting upon slender foundations. Cox *v.* Mayor, etc., *ante.*

Where any particular construction will lead to an absurd consequence, it will be presumed that some exception or qualification was intended by the legislature to avoid such conclusion. People *ex rel.* Wood *v.* Lacombe, *ante.*

Where it is apparent that a strict construction of a statute will defeat the main purpose and object, not only of the statute, but of other legislative enactments which relate to the same subject, and which have been enacted in pursuance of, and according to, a general purpose of accomplishing a particular result, such interpretation should not be upheld, as it is absurd to say that the law-maker desired to secure a result which will be antagonistic to their plain and clear intention. People *ex rel.* Wood *v.* Lacombe, *ante.*

The construction, placed upon the statutes of another state by the courts of that state, is, as a general rule, controlling, and will be followed by the courts of this state. Savings Association *v.* O'Brien, 51 Hun, 45.

Statutes, conferring special privileges or immunities upon classes, are to be strictly construed. Perkins *v.* Smith, *ante.*

An act of the legislature, passed for a general purpose, should not be construed as giving a right to accomplish that purpose by a method or plan which was clearly not within the contemplation of the legislature, and which was unknown to it when the act was passed, and when, from the nature of the case and the surrounding facts, it is apparent that such method or plan, if known at that time, would not have been permitted without the insertion, in the act, of other and additional provisions rendered appropriate and necessary in view thereof. Matter of People's Rapid Transit Co. *v.* Dash, 125 N. Y. 93.

An act directed towards a special object, or a particular class of persons, will not be repealed by a subsequent act embracing in general terms these particular objects or persons, unless some reference is made directly or by necessary inference to the special act. People *v.* Gold & Stocks Tel. Co., 98 N. Y. 67. This rule, however, is only one of many by which courts seek the interest of the legislature, which it is said they have always taken according to the necessity of the matter, and according to that which is consonant to reason and good discretion. Id.

A later statute, covering the same subject-matter and embracing new provisions, operates to repeal the former act, even though the two are not in express terms repugnant. People *v.* Gold & Stock Tel. Co., *ante ;* Heckmann *v.* Pinkney, 81 N. Y. 211.

A special statute applicable to a particular locality, and providing for a special purpose, is not repealed by the passage or amendment of a general statute, unless the intent to repeal or change the special law is clearly manifest, even though the terms of the general act, strictly construed, would, except for the special law, embrace the case or cases provided for. Bergman v. Wolff, 33 St. Rep. 499.

Where a new right is created, or a new duty imposed by statute, if a remedy is given by the same statute for its violation or non-performance, the remedy given is exclusive. City of Rochester v. Campbell, 123 N. Y. 405.

An intention to change the rule of the common law will not be presumed from doubtful statutory provisions. People v. Palmer, 109 N. Y. 110. The presumption is that no such change was intended, unless the statute is explicit and clear in that direction. Id.

Statutes changing the common law are to be strictly construed, and the latter will be held to be no further abrogated than the clear import of the language, used in the statutes, absolutely requires. Fitzgerald v. Quann, 109 N. Y. 441.

When it is claimed that the purpose of an act is obscure and that the obscurity is dispelled by referring to other acts, in *pari materia*, they should, at least, be demonstrative of the legislative sense. People ex rel. Bockes v. Wemple, *ante*. When it is claimed that an act furnishes some evidence as to the legislative intention in some previous enactment, the court should be able to infer clearly that, in its passage, the legislative body had in mind the previous act and the particular object aimed at in enacting it. Id.

Evils, theretofore existing, may be recalled and employed as factors in the effort to determine the intent of particular legislation. People v. N. Y., N. H. & H. R. R. Co., 55 Hun, 409. If it is obviously directed against such evils, it is fairly to be presumed that the remedy provided was designed to overcome them. Id.; People ex rel. Peake v. Supervisors, 43 N. Y. 132 ; Ayers v. Lawrence, 59 Id. 195 ; Hudson Iron Co. v. Alger, 54 Id. 175.

The title of an act is no part of it, though it may be used to aid in discovering the design of the legislature. People v. O'Neil, 54 Hun, 610 ; Jones v. Sheldon, 50 N. Y. 477 ; Brick v. Gannar, 36 Hun, 52 ; Matter of Middletown, 82 N. Y. 196. But, when the language of a statute is plain and the construction apparent, the interpretation cannot be altered by the title. People v. O'Neil, *ante*; Matter of Middletown, *ante*.

The title of an act, while no part of it, may yet be legitimately resorted to as an aid in determining legislative intent, when that intent is otherwise somewhat ambiguous. People ex rel. Commonwealth Ins. Co. v. Coleman, 121 N. Y. 542 ; People ex rel. Westchester F. Ins. Co. v. Davenport, 91 Id. 574.

It is a familiar rule that the title of an act is often resorted to, to ascertain its scope and meaning ; Curry v. City of Buffalo, 57 Hun, 25 ; Brick v. Gannar, *ante* ; People ex rel. Mason v. McClave, 99 N. Y. 83 ; and to limit the meaning of general words. Brick v. Gannar, *ante*.

Repeals by implication are not favored in the law and are not to be considered as intended, unless there is a clear repugnancy in the provisions of the respective statutes, or an obvious design revealed to supersede the provisions of the prior statute, leaving it no office to perform. People *v.* Harris, 123 N. Y. 70.

A later statute, not purporting to amend a former one and covering the whole subject, and plainly intended to furnish the only law upon the subject, repeals the former statute by implication, unless it contains an explicit declaration of the legislative intent to preserve provisions of the former statute. Id. No implication of a design by the legislature to repeal a former statute can be indulged in the face of an express declaration in the later statute of a contrary intent. Id.

Repeal by implication occurs only in cases where there is a clear and manifest intention to repeal, or the two statutes are so repugnant in terms that they cannot be reconciled. Bergman *v.* Wolff, *ante.*

Local and special laws are not repealed by a general law, unless the intent to repeal is entirely clear. People *ex rel.* Van Valkenburgh *v.* Myers, 33 St. Rep. 18 ; Matter of Evergreens, 47 N. Y. 216 ; Matter of Central Park, 50 Id. 493 ; People *v.* Quigg, 59 Id. 83 ; People *v.* Supervisors, etc., 73 Id. 176 ; McKenna *v.* Edmundstone, 91 Id. 231 ; Mangam *v.* Brooklyn, 98 Id. 585 ; Weiler *v.* Nemback, 114 Id. 39.

Where a general act conflicts with a special act, the special act is not to be deemed repealed by implication. Matter of Brown *v.* Duane, 60 Hun, 98.

A special statute, providing for a particular case or applicable to a particular locality, is not repealed by a statute general in its terms and application, unless the intention of the legislature to repeal or alter the special law is manifest, though the terms of the general act would, taken strictly and but for the special law, include the case or cases provided for by it. Buffalo Cem. Ass'n *v.* City of Buffalo, 118 N. Y. 61; Van Denburgh *v.* Greenbush, 66 Id. 1; Whipple *v.* Christian, 86 Id. 525.

A repeal by implication arises only where a later statute is repugnant to, or inconsistent with, an existing one, so that the two cannot be harmonized, or where the subsequent act shows that it was clearly intended to supersede the former statute. Aldinger *v.* Pugh, 57 Hun, 181.

Laws, special and local in their application, are not deemed repealed by general legislation, except upon the clearest manifestation of an intent by the legislature to effect such repeal. Id. Ordinarily, an express repeal, by some intelligible reference to the special act, is necessary to accomplish that end. Id. Such is the rule, even though the general law contains a general repealing clause as to inconsistent legislation. Id.

Whether a subsequent statute repeals a prior one, in the absence of express words, depends upon the intention of the legislature. Anderson *v.* Anderson, 112 N. Y. 104.

Where there is no repealing clause in a later statute, and that and a former one can stand together and both have effect, they will generally both be

held to be in force. Heckmann v. Pinkney, *ante ;* People v. Sheridan, 48 Hun, 620.

One of the tests frequently resorted to, to ascertain whether there is a repeal by implication, is to inquire whether the special and general acts may both be executed without involving repugnancy of rights or remedies. People v. Jaehne, 103 N. Y. 182. In some cases, the question has been solved by holding that the general act was intended to declare a general rule governing cases not already provided for, and that a prior special statute on the same subject, operating upon a single person or class of persons, or within a limited territory, should be treated as though specially excepted from the operation of the general law. Id. The cases, in which the courts have held that a special law was not repealed by a subsequent general law upon the same subject, are, as a general rule, cases where the legislature was not dealing directly with the subject of the prior law, and it was not in the mind of the legislature when the general law was enacted, or where the special law was part of a system of local administration, or where it was possible to assign a reasonable motive for retaining the special and peculiar provisions of the special act, notwithstanding the enactment of a subsequent general rule covering the same subject. Id.

A prior statute shall not be deemed repealed by a later one, when they can both be given a legitimate effect, and stand together. Lyddy v. Long Island City, 104 N. Y. 218. The rule, however, implies that, if the two acts are manifestly repugnant and tend to nullify each other, then the older enactment must yield to the later statute. Id.

It is not in accordance with settled rules of construction to ascribe to the law-making power an intention to establish conflicting and hostile systems upon the subject, or to leave in force provisions of law, by which the later will of the legislature may be thwarted and overthrown. Lyddy v. Long Island City, 104 N. Y. 218. Such a result would render legislation a useless and idle ceremony and subject the law to the reproach of uncertainty and unintelligibility. Id.

It is a rule peculiarly applicable to the construction of penal statutes, that a thing within the letter of a statute is not within the statute, unless within the intention thereof. Gay v. Seibold, 97 N. Y. 472. So too, in the construction of remedial statutes, it is generally held that a thing within the intention is within the statute, though not within the letter. Id.

The leaning of the court is so strongly against repealing the positive provision of a former statute by construction as almost to establish the rule of no repeal by implication. Mayor, etc., v. Buel, 12 Daly, 494. It is only where the provisions of the subsequent act are so contrary to, or incompatible with, the former, that it will amount to a repeal of it; or where the whole construction of the subsequent act shows that it was intended to supersede it. Id.

Where it is intended to alter or repeal an existing statutory enactment, the act itself should contain provisions to that effect, or it should be plainly manifest that such was the design, by reason of the latter being repugnant to, and inconsistent with, the former act. Mark v. State, 97 N. Y. 572.

A statute may sometimes be regarded as being repealed by reason of its inconsistency with a subsequent statute and by implication. The rule of repeal by implication can be applied only in cases where the repugnancy is clear and manifest, and the two statutes cannot be reconciled or stand together. Id.

The intention of the legislature and the general purpose of an act cannot be set aside by a single amendment of the law, even though its meaning is not entirely clear. People *ex rel.* Wood *v.* Lacombe, *ante.* The court, in the interpretation of statutes, must consider the main object in view, as well as the general scope of their leading provisions. Id. It is not in accordance with general and well settled principles, established by law, to hold that, even though by inadvertence, carelessness or otherwise, an amendment has been made to a statute, which may, in a single instance, interfere with the enforcement of the purpose indicated in other provisions of an act of the legislature, the whole fabric, for that reason, must fall and fail to answer the ends designed, and that such amendments must control. Id.; People *ex rel.* McCann *v.* Kilbourn, 68 N. Y. 479.

The rule is considered well settled in the state that neither original statutes nor amendments have any retroactive force, unless in exceptional cases the legislature so declare. Matter of Miller, 110 N. Y. 217.

The portions of the amended sections, which are merely copied without change, are not to be considered as repealed and again enacted, but to have been the law all along, and the new parts, or the changed portions are not to be taken to have been the law at any time prior to the passage of the amended act. Ely *v.* Horton, 15 N. Y. 595; Matter of Miller, *ante;* Calhoun *v.* D. & M. R. R. Co., 28 Hun, 388. The part which remains unchanged is to be considered as having continued the law from the time of its original enactment, and the new or changed portion to have become law only at and subsequent to the passage of the amendment. Ely *v.* Horton, *ante.* The amendment in the above cited case was made by enacting that the statute "is amended so as to read as follows," and then incorporating the changes or additions with so much of the former statute as is retained. The word "hereafter," occurring in a statute amended in the manner above described, is to be construed distributively. Ely *v.* Horton, *ante.* As to the original provisions, it means subsequent to the time of their enactment; and as to the new portions, it means subsequent to the time the amendment introducing them took effect. Id.; Goillotel *v.* Mayor, etc., 87 N. Y. 441; Matter of Pengnet, 67 Id. 444.

It has been settled for many years in this state that, when the legislature passes an act declaring that a previous act, or some part of the same, shall be amended "so as to read as follows," the earlier act is not deemed to have been repealed by the later one. Mortimer *v.* Chambers, 63 Hun, 335.

The amendment of a statute, by declaring that the same shall read as prescribed by the amendatory act, is not a repeal of the original statute, but, from the time of the passage of the amendatory act, the whole force of the enactment as to subsequent transactions rests upon it. McMillan *v.* Bellows, 37 Hun, 214; People *ex rel.* Canajoharie Nat. Bk. *v.* Board, etc., 67

N. Y. 109. The former statute is merged in it, has no validity distinct from it, and can only be referred to as to past transactions. Id. A repeal of the amendatory act does not revive the original act, but both fall together. Id.

Where prior laws are revised and consolidated into a new act, such act is to be deemed to contain the entire law upon the subject, and a prior provision of law which is dropped, is to be regarded as repealed. Matter of N. Y. Institution, 121 N. Y. 234.

When any statute is revised, or one act is formed from another, by omitting some of its parts, such omitted parts are not to be revived by construction, but are to be considered as annulled. Id.

A subsequent statute, revising the whole subject-matter of a former one, and evidently intended as a substitute for it, though it contains no express words to that effect, must, upon principles of law as well as in reason and common sense, operate to repeal the former. Id.

Where a revising statute covers the whole subject-matter of antecedent statutes, the former virtually repeals the prior enactments without any express provision to that effect. Id. Even when some parts of the revised statute are omitted from the new law, they are not in general to be regarded as left in operation, but are to be considered as annulled, if it plainly appears that the intention of the legislature was to cover the whole subject-matter by the revising statute. Id.

In Matter of Southworth, 5 Hun, 55, it was held that, where a statute is revised, and part of the former statute omitted from the revising statute, the part so omitted cannot be revived by construction.

Where two statutes relate to the same subject-matter, though not in terms repugnant and inconsistent, if the later one is plainly intended to prescribe the only rule that shall govern, it will repeal the earlier one. Matter of N. Y. Institution, *ante ;* Heckmann v. Pinkney, *ante ;* People v. Gold & Stock Tel. Co., *ante ;* People v. Jaehne, *ante.*

The rules which apply in the construction of statutes, apply equally in reading a constitution. People *ex rel.* Bockes v. Wemple, *ante.* Whether the court is considering an agreement between parties, a statute, or a constitution, with a view to its interpretation, the thing sought is the thought which it expresses. Id.; Newell v. People, 7 N. Y. 97. If the words embody a definite meaning, which involves no absurdity, the meaning apparent upon the face of the instrument is the one which alone the court is at liberty to say was intended to be conveyed. Id. It must be absolutely certain that the people did not intend what the language they have employed, in its natural signification, imports, before a court will feel itself at liberty to depart from the plain reading of a constitutional provision. Id.

See sections 31, 32, 33 and 34 of chap. 677 of 1892.