(28 Misc. Rep. 652.)

PEOPLE ex rel. GALES et al. v. McDONOUGH, Secretary of State.

(Supreme Court, Special Term, Albany County. August, 1899.)

CORPORATIONS—INCORPORATION UNDER GENERAL LAW—QUALIFICATION OF DIRECTORS.

A certificate of incorporation, showing that only one of the directors named therein for the first year is a resident of the state, is good, under the general corporation law (Laws 1892, c. 687, § 4, as amended by Laws

1895, c. 672), providing that at least one of the incorporators must be a resident of the state, although section 29 of said chapter 687, which was not amended, requires at least two resident directors, such requirement having been annulled by implication by the amendatory act.

Application by the people, on the relation of Joseph W. Gales and others, as incorporators of the Schjoverling, Daly & Gales Company, against John T. McDonough, secretary of state of the state of New York, for a peremptory writ of mandamus. Writ granted.

James C. Church, for relators.
John C. Davies, Atty. Gen., for respondent.

CHESTER, J. The defendant has refused to file a certificate of incorporation presented to him by the relators for filing, for the reason that it shows that only one of the directors named therein for the first year is a resident of the state, while the general corporation law (section 29) provides that "the affairs of every corporation shall be managed by its board of directors, at least two of whom shall be residents of this state." The relators seek a peremptory writ of mandamus to compel the defendant to file the certificate in his office under section 4 of the general corporation law, which provides that "a certificate of incorporation must be executed by natural persons, who must be of full age, and at least two-thirds of them must be citizens of the United States, and one of them a resident of this state." There is an apparent inconsistency between the provisions of section 4 and section 29, above referred to. As originally enacted in 1892, section 4 provided that a majority of the incorporators must be residents of this state. Chapter 687, Laws 1892. Section 29 was first enacted at the same time, and has not since been amended. As these sections existed in the original law, there was no inconsistency, as a majority of the incorporators could not be less than two, and two was the required number of resident directors. But in 1895 the legislature, by chapter 672 of that year, amended section 4 by doing away with the requirement that a majority of the incorporators must be residents of the state, and instead thereof provided that at least one of them must be such resident. The legislature apparently overlooked the fact that section 29 required two resident directors, but failed to amend the latter section to make it consistent with the former, as amended. While it is well settled that a repeal by implication is not favored, and that any reasonable construction is to be adopted which offers an escape from holding that a statute has been so repealed, I see no escape from such a result in this case. When two statutes are manifestly repugnant, and tend to nullify each other, the older must yield to, and will be considered repealed by, the latter. Lyddy v. Long Island City, 104 N. Y. 218, 10 N. E. 155. If it is held that the provision of section 29 that at least two directors shall be residents of this state is still in full force, no effect whatever is given to the amendment of 1895 to section 4, permitting an incorporation when only one of the incorporators is a resident of the state. On the other hand, it would be idle to permit an incorporation to be effected with one resident incorporator, under section 4, when at the moment of incorporation it could not be lawfully managed because of

the want of two resident directors. One of these sections refers to incorporators; the other to directors. If a director for the first year must be an incorporator, the inconsistency between the sections is such that both cannot be given effect, as there manifestly cannot be a corporation with only a single resident incorporator, and at the same time with two resident directors, who are also incorporators. While it has been held under former statutes which were similar to the section under which the certificate in question was prepared that trustees named in the certificate for the first year need not be stockholders (Davidson v. Gaslight Co., 99 N. Y. 558, 2 N. E. 892; McDowall v. Sheehan, 129 N. Y. 200, 29 N. E. 299), no authority has been called to my attention, and I know of none, that directors so named need not be incorporators.

The certificate in question here was prepared under section 2 of the business corporation law (chapter 567, Laws 1890, as amended by chapter 671, Laws 1895). Under that section it is not necessary that an incorporator be a director, for there may be three or more incorporators, but not less than three directors. I think, however, the converse of this proposition cannot be maintained. It appears to me fairly to be inferred from this section that a director for the first year, named as such in the certificate, must be an incorporator. I am unwilling to hold that a resident stranger to a proposed corporation, and having no relation or obligation to it, may be named by the incorporators in their certificate as a director for the first year. Such a proceeding might possibly enable a formal, but somewhat meaningless, compliance with section 29 as it stands, and at the same time give some effect to section 4; but this course would, in my opinion, be out of harmony with the policy of the law. I think, therefore, that the provision of section 29 requiring two resident directors has been repealed by implication by the subsequent amendment of section 4, and therefore that the relator is entitled to have the peremptory writ he asks for, requiring the defendant to file in his office the certificate of incorporation in question; but the writ should be granted without costs, as it appears that the defendant has acted in good faith in refusing to file the certificate with this inconsistency in the statutes confronting him. Peremptory writ of mandamus granted, without costs.

Writ granted, without costs.